LEWIS P. FENDER v. DANIEL J. POWERS.

[See 62 Mich. 324.]

*Fraud—Equity—Sale of es ate of minors under probate proceedings.*

In this case the finding of the circuit judge on the question of fraud, alleged in complainant's bill, is not disturbed, and the decree is affirmed.

Appeal from Barry. (Hooker, J.) Argued October 11, 1887. Decided November 3, 1887.

Bill to quiet title. Defendant appeals. Affirmed. The facts are stated in the opinion, and in 62 Mich. 324.

*Clement Smith* and *Robert W. Shriner,* for complainant.

*Walter S. Powers* and *James M. Powers,* for defendant.

67 MICH.—28.

SHERWOOD, J. This case was before us on demurrer to complainant's bill at the June term last year. *Fender v. Powers*, 62 Mich. 324. The demurrer was overruled. Since then the defendant has answered the bill. Proofs have been taken, and the cause heard on the pleadings and proofs before Judge Hooker, at the Barry circuit, and a decree rendered in favor of the complainant. The defendant appeals.

The bill is filed for the purpose of quieting the title to 40 acres of land in the county of Barry; and alleges, in substance, that in 1868 William B. Sherman became the owner of the property, and died seized of the same before January, 1873, leaving two minor children, Fanny M. and Robert P. Sherman, and Eunice Sherman, his widow, his only heirs at law.

That Eunice was appointed guardian of the minor children, and on the first day of September, 1873, as such guardian, under a license granted to her for that purpose by the probate court for the county of Eaton, in which county William B. Sherman lived and died, she sold the land in question at public sale to one Gilson, for the sum of $400; that said sale was made in good faith and for a fair consideration; that the proceedings to sale and the sale were regular in all respects, except that no sale-bond was required; that before January 1, 1885, said minors became of age, and received of their guardian the proceeds of said sale, with the income thereof, and were entirely satisfied; that in 1881 the complainant became the purchaser of said land at the consideration of $1,200, and has since been in the quiet and peaceable possession of the same; that said Gilson, while he owned it, was in the peaceable possession of the property, and made valuable and permanent improvements thereon, and that at the time of filing the bill it was worth $1,500.

The bill further avers that Walter S. Powers, who is a brother of the defendant, on the twenty-third day of April, 1885, applied to Robert and Fanny, and asked them to deed to

him a certain parcel of land in Nashville, Michigan, and which was once the property of Fanny and Robert, to which request they assented; that in drafting the deed Powers inserted the name of his brother, the defendant, as grantee, and included therein, with the intent to cheat and defraud the complainant out of his property, the description of the land in question; that the grantors did not intend to convey the complainant's land, and, upon learning the imposition that had been practiced upon them, they disclaimed any such conveyance, and on July 13, 1885, made a conveyance to the complainant of any interest they had, either legal or equitable. The bill further avers that the deed thus obtained by Powers was without the complainant's consent or knowledge, and without consideration; that it is fraudulent, and a cloud upon his title; and prays it may be delivered up and canceled.

The answer—

"Admits the title to the land down to William B. Sherman, Sherman's death, heirship of his estate, and appointment of Eunice Sherman as guardian as alleged in said bill.

"It denies that the guardian's sale to Gilson was regular, and alleges it was void by reason of—

"1. Defective petition for license to sell.

"2. Guardian did not take and subscribe oath before sale.

"3. Guardian did not give bond before sale.

"4. No report of sale was ever made by guardian to probate court.

—"By reason of which the court had no jurisdiction.

"It denies that the land has been enhanced in value by improvements.

"It denies that the minors were ever satisfied with the sale; also all fraud on part of W. S. Powers; and alleges that the land was bought in good faith, for a valuable consideration, paid to Robert and Fanny Sherman."

The testimony in the case was taken in open court before Judge Hooker, and all the parties interested were sworn and testified at length.

We have examined that testimony with care. Upon several

subjects much of it is contradictory and conflicting, and not as satisfactory as we would wish. The learned circuit judge, however, saw all the witnesses, and heard the testimony as they delivered it upon the stand. These circumstances placed him in a position which gave him the greatest advantage in determining the credibility of the witnesses and their testimony, and, upon the question of fraud, alleged in the complainant's bill, the finding is against the defendant, and we see no occasion for questioning the correctness of that finding.

We have also reviewed the record and briefs of counsel upon the question of the validity of the probate proceedings, which are the foundation of the complainant's title, and have been unable to discover any such irregularities therein as invalidate the title of the complainant to the property in question.

The decree will therefore be affirmed.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.