SPARTA STATE BANK v COVELL

Docket No. 139815. Submitted November 3, 1992, at Grand Rapids. Decided December 21, 1992, at 10:10 A.M.

Sparta State Bank brought an action in the Kent Circuit Court against David Covell on April 23, 1990, seeking to recover the balances of two secured installment loans on which the defendant defaulted in March 1984 and for which a foreclosure sale of collateral left the outstanding balances. The loan agreements contained acceleration clauses that provided that upon default the entire unpaid balance owed could be declared due and payable immediately without notice. The plaintiff had notified the defendant of its intent to exercise the acceleration clauses on July 18, 1984. The court, Dennis B. Leiber, J., granted summary disposition for the defendant, ruling that the claim accrued in March 1984 and was barred by the six-year period of limitation under MCL 600.5807(8); MSA 27A.5807(8). The plaintiff appealed.

The Court of Appeals *held:*

Where an installment contract has an acceleration clause and the clause is exercised, the entire balance becomes due and payable; a claim for that balance accrues upon the exercise of the acceleration clause. In this case, the plaintiff's claim accrued on July 18, 1984, and its action, brought on April 23, 1990, was within the six-year period of limitation.

Reversed and remanded for further proceedings.

CONTRACTS — INSTALLMENT CONTRACTS — ACCELERATION.

A claim for all installments due on an installment contract that contains an acceleration clause accrues upon the exercise of the acceleration clause (MCL 600.5807[8]; MSA 27A.5807[8]).

*Miller, Johnson, Snell & Cummiskey* (by *Robert J. Christians* and *Carolyn E. Gaston*), for the plaintiff.

REFERENCES
Am Jur 2d, Limitation of Actions § 133.
See ALR Index under Acceleration; Limitation of Actions.

*Ball, Van Dam & Ross, P.C.* (by *Lynne E. Pope*), for the defendant.

Before: HOOD, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM. Plaintiff, Sparta State Bank, appeals as of right from a March 27, 1991, order of the Kent Circuit Court granting defendant, David Covell, summary disposition pursuant to MCR 2.116(C)(7). The trial court held that plaintiff's claim for breach of an installment loan agreement was barred by the six-year statute of limitations governing contract actions, MCL 600.5807(8); MSA 27A.5807(8). We reverse the order of the trial court.

This dispute concerns two installment loan agreements between plaintiff and defendant. In February 1978, defendant signed an installment loan agreement with plaintiff to finance the purchase of a 1978 utility van trailer and a 1975 Peterbilt truck tractor. The items were to serve as collateral for the loan. Pursuant to the agreement, defendant made installment payments until October 1983. Shortly thereafter, defendant was involved in an accident in New Mexico, and the truck tractor and semi trailer were seriously damaged. As a result of the accident, defendant's livelihood was impaired and he was unable to meet his financial obligations.

On January 24, 1984, defendant refinanced the installment loan agreement with plaintiff by signing two new installment loan agreements. The new agreements contained a higher interest rate than the original agreement, and plaintiff agreed to forgo foreclosure on the original agreement. The new agreements required defendant to make monthly payments commencing on March 1 and March 9, 1984, respectively. Additionally, the new

loan agreements contained acceleration clauses that provided: "If you are in default, we *may* declare the entire unpaid balance of what you owe us under this agreement due and payable immediately at any time without notice." (Emphasis added.)

Defendant did not make any payments under the new installment loan agreements, and on May 8, 1984, he sent a letter to plaintiff, stating that he could not pay the amount due. Upon plaintiff's receipt of defendant's May 8, 1984, letter, it began taking action to foreclose on the collateral. By letter dated July 18, 1984, plaintiff informed defendant that it intended to accelerate the entire debt owed pursuant to the default provisions of the loan agreements. On August 28, 1984, plaintiff notified defendant that the collateral would be sold, with the proceeds applied to defendant's debt and defendant would remain liable for any deficiency.

The collateral was subsequently sold at a private auction for $28,000, less a sales commission of $1,000. As a result, $27,000 was credited to defendant's account. Plaintiff thereafter brought suit for the deficiency. Following a hearing regarding defendant's motion for summary disposition, the trial court found that plaintiff's cause of action accrued on March 1 and March 9, 1984, because the acceleration clauses entitled plaintiff to bring suit when first payments were not made. The court stated that because plaintiff's action was not filed until April 23, 1990, it was barred by the six-year statute of limitations.

On appeal, plaintiff argues that the trial court erred in finding that its claim for the remaining installments due under the agreements was barred by the statute of limitations because it did not take action to foreclose on the loan agreements until after defendant's May 8, 1984, letter of de-

fault, and did not send notice that it was exercising the acceleration option until July 18, 1984. We agree with plaintiff.

When reviewing a motion brought under MCR 2.116(C)(7), we must consider all affidavits, pleadings, and other documentary evidence filed or submitted by the parties. *Haywood v Fowler,* 190 Mich App 253, 255; 475 NW2d 458 (1991). We must consider all well-pleaded allegations as true and construe them most favorably to plaintiff. *Id.,* p 256.

The statute of limitations for a breach of contract action is six years from the time the claim first accrues. MCL 600.5807(8); MSA 27A.5807(8). The accrual of a claim based on an installment contract is governed by MCL 600.5836; MSA 27A.5836, which provides that "claims on an installment contract accrue as each installment falls due." Cases interpreting this statute have held that "claims on an installment contract do not ordinarily accrue until the installment becomes due in the absence of an acceleration clause in the contract." *Petovello v Murray,* 139 Mich App 639, 645; 362 NW2d 857 (1984); *Visioneering Inc Profit Sharing Trust v Belle River Joint Venture,* 149 Mich App 327, 333; 386 NW2d 185 (1986). Therefore, the statutory period of limitation runs separately with respect to each installment as it becomes due. *Id.; Collateral Liquidation, Inc v Renshaw,* 301 Mich 437, 444; 3 NW2d 834 (1942).

The cases cited above illustrate that when an installment contract does not contain an acceleration clause, claims based upon a breach of the installment contract accrue, and the statute of limitations begins to run, as each separate installment falls due. In the absence of an acceleration clause, claims on an installment contract do not accrue until the installment becomes due. How-

ever, a different result is reached when an installment contract contains an acceleration clause and the acceleration clause is exercised.

In the present case, on July 18, 1984, after learning of defendant's default, plaintiff informed defendant of its intention to exercise the acceleration clauses contained in the installment loan agreements. At that point, the entire unpaid balance under the agreements became due and payable. It is our conclusion that at that point, all future installments due under the agreements became due and plaintiff's claim with respect to the remainder of the unpaid balance accrued. On April 23, 1990, plaintiff filed its complaint. Because the complaint was filed within six years after the claim first accrued, it was not time-barred. The trial court clearly erred in holding otherwise.

We reverse the order of the trial court and remand the case for further proceedings. We do not retain jurisdiction.