DIVERSIFIED FINANCIAL SYSTEMS, INC v SCHANHALS

Docket No. 148183. Submitted November 9, 1993, at Grand Rapids.
Decided February 8, 1994, at 9:50 A.M.

Diversified Financial Systems, Inc., brought an action in the
Muskegon Circuit Court against Richard D. Schanhals and
others, in their capacity as guarantors of a promissory note
executed by a partnership known as Cherries Jubilee in favor
of the National Bank and Trust Company of Traverse City.
Cherries Jubilee failed to make the first installment payment
on the note in 1980 and the bank brought suit against Cherries
Jubilee and its general partners and their spouses as guaran-
tors. The suit was dismissed without prejudice when Cherries
Jubilee filed for bankruptcy. The bank then experienced finan-
cial difficulties, and the plaintiff purchased the note from the
Federal Deposit Insurance Corporation after the bank closed.
The plaintiff then filed the instant suit. The court, James M.
Graves, Jr., J., granted summary disposition for the defendants,
finding that the suit was barred by the applicable six-year
statute of limitations and that the plaintiff could not sue for a
deficiency judgment because the bank had repossessed and sold
defendants' collateral without giving them notice as required
under the Uniform Commercial Code. The plaintiff appealed.

The Court of Appeals *held:*

1. The record supports the trial court's finding that the six-
year period of limitation began running with regard to the note
in 1980 when the bank filed its suit seeking to enforce the
acceleration clause contained in the note and the guaranty
contracts. The period of limitation with regard to the note
began to run at that time because acceleration of the underly-
ing note gave rise to a claim for the entire balance due. The
acceleration of the note also triggered the running of the period
of limitation with regard to the defendants' guaranty contracts.

2. The trial court properly granted summary disposition
based on the bank's failure to give reasonable notice of the sale
of the collateral. The plaintiff's attempt to apply a holder in

REFERENCES

Am Jur 2d, Bills and Notes § 179 *et seq.*; Guaranty § 70 *et seq.*
See ALR Index under Acceleration; Bills and Notes; Installments.

due course analysis to the guaranty contracts is unavailing. Contracts of guaranty are not negotiable instruments to which the Uniform Commercial Code's holder in due course analysis applies.

Affirmed.

1. CONTRACTS — INSTALLMENT CONTRACTS — ACCELERATION — LIMITATION OF ACTIONS.

A claim for the entire balance due on an installment contract that contains an acceleration clause accrues upon the exercise of the acceleration clause; the period of limitation with regard to the entire balance due begins to run when the claim accrues.

2. CONTRACTS — GUARANTY CONTRACTS — NEGOTIABLE INSTRUMENTS — UNIFORM COMMERCIAL CODE — HOLDER IN DUE COURSE.

Contracts of guaranty are not negotiable instruments to which the Uniform Commercial Code's holder in due course analysis applies.

*Freeman McKenzie* (by *Larry E. Powe* and *James T. Hogan*), for the plaintiff.

*Parmenter O'Toole* (by *Foster D. Potter*), for Richard and Nan Schanhals.

*Vander Ploeg, Ruck, Luyendyk & Wells* (by *Allan E. Vander Ploeg*), for Raymond and Jean Scroggins, and Joan Nedeau.

*Running, Wise, Wilson, Ford & Phillips* (by *Richard Ford*), for Suzanne Putney.

Before: MCDONALD, P.J., and MURPHY and TAYLOR, JJ.

PER CURIAM. Plaintiff appeals as of right from a December 19, 1991, judgment granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7). We affirm.

Plaintiff sued defendants in their capacity as guarantors of a promissory note executed by a partnership known as Cherries Jubilee in favor of

the National Bank and Trust Company of Traverse City. The note, executed by Jubilee on February 5, 1979, was to be paid over a six-year period with the final payment due in September 1985. Jubilee failed to make the first installment payment on the note in 1980 and the bank brought suit against Jubilee and its general partners and their spouses as guarantors. Shortly thereafter, Jubilee filed for chapter eleven bankruptcy and the bank's suit was dismissed without prejudice. The bank began experiencing financial difficulties and plaintiff ultimately purchased the note from the Federal Deposit Insurance Corporation after the bank closed.

Plaintiff then filed the instant suit. Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), claiming the suit was barred by the six-year statute of limitations of MCL 600.5807(8); MSA 27A.5807(8), because the bank had accelerated the balance due on the note in 1980 when it filed suit. Defendants also claimed that plaintiff could not sue for a deficiency judgment because the bank had repossessed and sold defendants' collateral without giving them notice as required under the Uniform Commercial Code. The trial court granted defendants' motion on both grounds. Plaintiff now appeals.

We find no error in the court's grant of summary disposition in favor of defendants. When reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(7), we must accept the plaintiff's well-pleaded allegations as true and construe them in a light most favorable to the plaintiff. *Grazia v Sanchez,* 199 Mich App 582; 502 NW2d 751 (1993). Here, the record supports the trial court's finding that the six-year period of limitation began running with regard to the note in 1980 when the bank filed suit seeking

to enforce the acceleration clause contained in the note executed by defendants and to enforce the guaranty contracts. Because acceleration of the underlying note gave rise to a claim for the entire balance due, the period of limitation began to run with regard to the note at that time. *Sparta State Bank v Covell,* 197 Mich App 584; 495 NW2d 817 (1992).

We also find acceleration of the note triggered the running of the period of limitation with regard to the guaranty contracts. See *Aiton v Slater,* 298 Mich 469; 299 NW 149 (1941). Defendants were in breach of the guaranty contracts when they failed to tender the $50,000 owed under the contracts after Jubilee defaulted on its promissory note and the bank brought suit to enforce acceleration of the note and to enforce the guaranty contracts. Typically in contract actions, the period of limitation begins to run on the date of the breach of contract. *Harris v Allen Park,* 193 Mich App 103; 483 NW2d 434 (1992).

Plaintiff's objection to the court's granting summary disposition based upon the bank's failure to give defendants reasonable notice of the sale of the collateral lacks merit. Plaintiff attempts to apply a holder in due course analysis to the guaranty contracts. Contracts of guaranty are not negotiable instruments, *Aiton, supra,* to which the Uniform Commercial Code's holder in due course analysis applies.

Plaintiff's final claim is also without merit. Plaintiff's argument is based on a grant of summary disposition pursuant to MCR 2.116(C)(10). Here, the trial court granted summary disposition pursuant to defendants' motion under MCR 2.116(C)(7).

Affirmed.