HUDICK v HASTINGS MUTUAL INSURANCE COMPANY

Docket No. 217489. Submitted June 15, 2001, at Detroit. Decided September 25, 2001, at 9:20 A.M. Leave to appeal sought.

Dale Hudick brought an action in the Wayne Circuit Court against Hastings Mutual Insurance Company, seeking personal protection insurance benefits for medical services under an uncoordinated no-fault insurance policy issued by the defendant. In February 1997, the plaintiff was severely injured when his two-wheel vehicle collided with a van insured by the defendant. Because there was a question whether the vehicle that the plaintiff was driving was a motorcycle within the meaning of the no-fault act, the no-fault insurer of the plaintiff's parents began paying the plaintiff's medical expenses on a coordinated basis as provided in the parents' policy. Although the defendant believed that it was the primary insurer under the no-fault act as early as March 1997, the defendant withheld that belief from the plaintiff's attorney and the parents' insurer. In October 1997, after it was determined that the vehicle that the plaintiff was operating was a motorcycle under the no-fault act, the defendant advised the plaintiff's attorney that it would assume responsibility for the plaintiff's personal protection insurance benefits. In May 1998, the plaintiff's attorney, noting that the policy issued by the defendant did not provide for coordination of benefits, demanded from the defendant payment of the hospital expenses incurred by the plaintiff in February and March of 1997. The defendant denied payment of those expenses on the basis that the expenses were incurred more than one year before the request for payment, and the plaintiff commenced his action. Both parties filed motions for summary disposition. The court, Susan B. Neilson, J., granted summary disposition for the plaintiff, holding that a February 1997 letter from the plaintiff's attorney to the defendant, written in conjunction with the plaintiff's third-party case against the driver and the owner of the vehicle insured by the defendant, provided the defendant with adequate notice of the plaintiff's injuries and that, under the circumstances, the one-year-back provision of MCL 500.3145(1) was tolled. The defendant appealed.

The Court of Appeals held:

1. MCL 500.3145(1) provides that an action to recover personal protection insurance benefits must be commenced within one year after the date of the accident causing the injury unless a written notice giving the name of the person injured and the time, place, and nature of the injury is given to the insurer within one year after the accident or unless the insurer has made a payment of personal protection insurance benefits for the injury. That subsection further provides that even if such notice is given or payment has been made, a claimant may not recover benefits for any portion of the loss that was incurred more than one year before the date on which the action was commenced.

2. The defendant had adequate notice of the plaintiff's injury and potential claim for personal protection insurance benefits within one year of the injury. The defendant was put on notice of the plaintiff's injuries within a month of the accident as a result of a letter from the plaintiff's attorney concerning the plaintiff's third-party claim. Further, the defendant was aware of the extent of the medical expenses as a result of being sent a copy of the medical bills about four months after the injury. That the defendant was aware of the nature and extent of the plaintiff's injuries is indicated by the fact that just a month after the plaintiff was injured the defendant notified the Michigan Catastrophic Claims Association that it believed that it was the primary carrier of the plaintiff's claims and that it was setting a medical reserve for those claims.

3. At the time of informing the plaintiff that it was responsible for his personal protection insurance benefits, the defendant was aware of the nature and extent of the plaintiff's medical expenses and that the plaintiff had a claim against the defendant for those medical expenses because the defendant's policy provided for uncoordinated personal protection insurance benefits. Accordingly, because the defendant had all the information it needed to calculate the benefits it owed the plaintiff, the one-year-back limitation was tolled until the defendant formally denied its liability with respect to those amounts that had been paid by the health care insurer.

Affirmed.

INSURANCE — NO-FAULT — LIMITATION OF ACTIONS — TOLLING.

The one-year limit on bringing an action for recovery of personal protection insurance benefits is tolled from the date an insurer that has all the knowledge necessary to calculate the benefits payable to an injured claimant acknowledges that it is responsible for the payment of personal protection insurance benefits to the date that the insurer formally denies its liability for any portion of those benefits (MCL 500.3145[1]).

*Miles A. Hurwitz*, for the plaintiff.

*Small, Toth, Baldridge & VanBelkum, P.C.* (by *Keith P. Felty*), for the defendant.

Before: GAGE, P.J., and FITZGERALD and MARKEY, JJ.

MARKEY, J. Defendant appeals by right the trial court's orders granting plaintiff's motion for summary disposition, pursuant to MCR 2.116(C)(9) and (C)(10), and denying defendant's motions for summary disposition and reconsideration. We affirm.

On February 19, 1997, plaintiff was severely injured when his two-wheel vehicle collided with a van. Because plaintiff lived with his parents, their no-fault insurer, Allstate Insurance Company, began paying plaintiff's personal protection insurance (PIP) benefits on a coordinated basis. Defendant, which insured the van under a policy that did not coordinate medical benefits, had been notified of the accident and the serious nature of plaintiff's injuries. As early as March 18, 1997, defendant believed that it was the primary insurer under the no-fault law, but it actively withheld this belief from plaintiff's attorney and Allstate. On October 29, 1997, after it was determined that the vehicle that plaintiff was operating was a "motorcycle" under the no-fault act, defendant advised plaintiff's attorney that it would assume responsibility for plaintiff's first-party benefits.

On May 13, 1998, plaintiff's attorney sent a letter to defendant's claim representative, noting that payment of first-party benefits was not coordinated under defendant's policy and demanding payment from defendant for hospital expenses incurred by plaintiff between February 19, 1997, and March 14, 1997.

Defendant denied payment on May 20, 1998, because all the expenses were incurred more than one year before the request for payment. Plaintiff filed the instant action on July 10, 1998.

Both parties filed motions for summary disposition. The trial court found that a letter plaintiff's attorney sent on February 27, 1997, which was written in conjunction with plaintiff's third-party case against the driver of the van and its owner, provided defendant with written notice of the catastrophic injury plaintiff sustained and allowed the insurer to assess its liability while the claim was relatively fresh. The court further noted that any limitation on defendant's ability to obtain further information was caused by defendant concealing its belief that it was the primary PIP carrier. Nonetheless, defendant was able to assess its liability as early as March 18, 1997, when it advised the Michigan Catastrophic Claims Association that it was the carrier and had set the medical reserve at $300,000. The court further disputed defendant's argument that even if written notice of injury were given, the one-year-back rule should not be tolled because plaintiff did not make a "specific claim for benefits." Although plaintiff did not initially submit the medical bills directly to defendant, he timely submitted them to Allstate. Plaintiff did not submit the bills directly to defendant because defendant did not advise either Allstate or plaintiff that it was the proper carrier. The court granted plaintiff's motion for summary disposition and denied defendant's motion.

The trial court's rulings on motions for summary disposition are reviewed de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Absent disputed questions of fact, whether a

cause of action is barred by a statute of limitations is a question of law that this Court also reviews de novo. *Titan Ins Co v Farmers Ins Exchange*, 241 Mich App 258, 260; 615 NW2d 774 (2000).

Defendant argues that it was entitled to summary disposition under the limitations period imposed by MCL 500.3145(1), because defendant did not receive "notice" of plaintiff's injury within one year of the accident and plaintiff's May 13, 1998, claim for medical expenses incurred between February 19, 1997, and March 14, 1997, was not timely under the statute's "one-year-back" rule. Subsection 3145(1) provides:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

Under this statute,

> an action to recover personal protection insurance benefits must be commenced not later than one year after the date

of the accident, unless the insured gave written notice of injury to the insurer within one year after the accident or unless the insurer has previously paid personal protection insurance benefits for the injury. [*Johnson v State Farm Mut Automobile Ins Co*, 183 Mich App 752, 755; 455 NW2d 420 (1990).]

Pursuant to the one-year-back rule of the statute, "even where the period of limitations is tolled under the notice of injury or payment of benefits exceptions, an insured can only recover benefits for losses incurred within one year preceding the commencement of the action." *Id.* at 759.

In *Lewis v DAIIE*, 426 Mich 93, 98-99; 393 NW2d 167 (1986), the Supreme Court noted that earlier panels of this Court were divided with regard to the construction of subsection 3145(1). Some panels stated that the statute should be strictly construed and, therefore, a plaintiff could not recover for medical expenses incurred more than one year before the plaintiff's action was commenced. *Lewis, supra* at 98-99. Other panels concluded that the one-year limitation period was tolled from the time the insured provided notice until a formal denial of liability. *Id.* The Court in *Lewis* held that the "one-year-back rule" was tolled "from the date of a specific claim for benefits to the date of a formal denial of liability." *Id.* at 101. The Court determined that this result "effectively preserves the Legislature's purpose."

"Tolling the statute when the insured submits a claim for specific benefits would not appear to detract from the policies underlying the one-year limitation on recovery. By submitting a timely and specific claim, the insured serves the interest in preventing stale claims by allowing the insurer to assess its liability while the information supporting the claim is relatively fresh. A prompt denial of the claim would

barely affect the running of the limitation period, while a lengthy investigation would simply 'freeze' the situation until the claim is eventually denied. In effect, the insured would be charged with the time spent reducing his losses to a claim for specific benefits plus the time spent deciding whether to sue after the claim is denied." [*Id.*, quoting *Welton v Carriers Ins Co*, 421 Mich 571, 578-579; 365 NW2d 170 (1984).]

However, the Court also added "that the insured must seek reimbursement with reasonable diligence or lose the right to claim the benefit of a tolling of the limitations period." *Lewis, supra* at 102.

In *Johnson, supra,* this Court considered the circumstances under which the one-year-back rule in subsection 3145(1) would be tolled. In *Johnson, supra* at 754, the plaintiff's decedent was killed in an accident on September 2, 1984, while driving his motorcycle. The parties agreed that, by no later than December 3, 1984, the defendant was aware that the other driver and vehicle involved were uninsured, making the defendant the highest priority insurer for the payment of PIP benefits. *Id.* at 761. This Court noted:

At that point, defendant thus had all the information it needed, other than perhaps the amount of the decedent's wages, to calculate the exact amount of survivor's loss benefit to which plaintiff was entitled. . . .

. . . [O]nce defendant was aware that plaintiff's decedent was involved in a fatal accident and that defendant had the highest priority for payment of no-fault benefits under that automobile policy issued to the decedent, defendant should have processed a survivor's loss claim on behalf of plaintiff. Thus, once defendant received sufficient information to be informed that plaintiff suffered a compensable loss, the one-year-back rule was tolled until such time as defendant

formally denied the payment of benefits under the automobile policy. [*Id.* at 761-762.]

In the instant case, defendant's argument that it did not have "notice" of the accident and of plaintiff's injuries is without merit. The letter from plaintiff's attorney obviously put defendant on notice of plaintiff's claim: defendant's senior claims attorney answered the letter. Plaintiff's attorney sent defendant's attorney copies of plaintiff's medical bills on June 20, 1997. Further, in defendant's internal memoranda, which plaintiff submitted to the trial court with his motion for summary disposition, defendant's employees and agents indicated their knowledge that defendant was "the first carrier in the order of priority for providing no-fault benefits." Additionally, defendant's medical claims representative wrote to the Michigan Catastrophic Claims Association on March 18, 1997, indicating that defendant believed it was the primary carrier of plaintiff's claims and was setting the medical reserve at $300,000. Therefore, the trial court did not err in finding that defendant had "written notice of injury" under subsection 3145(1) within one year after the accident, which allowed plaintiff to file this action more than one year after the accident.

We also hold that the trial court did not err in determining that plaintiff did, in fact, timely submit a "specific claim for benefits," under the holding in *Lewis*. The insurers were unclear concerning which was the priority carrier because of the difficulty in determining whether the vehicle that plaintiff was operating was a "motorcycle" under the no-fault act. Defendant believed throughout the investigation that it was the priority insurer but did not share this belief

with plaintiff or Allstate. Moreover, defendant was aware of the extent of plaintiff's injuries and medical bills throughout the investigation. It was not until October 29, 1997, that plaintiff heard from defendant that it was responsible for his first-party benefits. Plaintiff should not be penalized for the time that the two insurers spent investigating the issue, which was extended largely because defendant was aware of its statutory duty but attempted to run the clock on the limitations period.[1]

We also find that the one-year-back rule was tolled under the holding in *Johnson*. When defendant wrote to plaintiff on October 29, 1997, indicating to him for the first time that defendant was responsible for his first-party benefits, defendant was aware that the medical benefits in defendant's policy with its insured were not coordinated and that plaintiff therefore had a claim against defendant for his hospital bills. Although defendant had all the information it needed at this point to calculate the benefits it owed to plaintiff, defendant did not process a claim for plaintiff or formally deny its liability until May 20, 1998. Consequently, the one-year-back rule was tolled until that date. Plaintiff filed the instant complaint on July 10, 1998; therefore, his action was timely.

We affirm.

---

[1] We express concern that defendant intentionally concealed its belief that it was the primary insurer responsible for plaintiff's first-party benefits. After defendant was informed of the occurrence of an insured loss, plaintiff should have been able to "reasonably rely" on defendant to advise him of the benefits to which he might be entitled. *Johnson, supra* at 764.