*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES AKOURI and KAREN AKOURI,

        Plaintiffs-Appellants,

UNPUBLISHED
November 12, 2020

v

COMERICA BANK,

        Defendant-Appellee.

No. 349923
Oakland Circuit Court
LC No. 2019-174836-CH

Before: BOONSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order dismissing their complaint for injunctive and declaratory relief under MCR 2.116(I)(1) on the grounds that the applicable statute of limitations did not bar defendant's foreclosure by advertisement proceeding and that plaintiffs failed to allege a valid cause of action against defendant. We affirm.

## I. STATEMENT OF FACTS

Plaintiffs obtained a home equity line of credit (HELOC) from defendant with regard to their real property in West Bloomfield. The HELOC was dated March 21, 2005, and had a 10-year draw period[1] for an amount up to a credit limit of $120,000. During that draw period, repayments were calculated based in part on "the amount of your Credit Limit as a percentage of the value of the Real Estate as of the date of this Agreement."[2] The "Real Estate" referred to "the owner-occupied property you are pledging, under the terms of a future advance mortgage (the 'Mortgage') to secure the repayment of amounts owing under this Agreement."[3] In other words,

---

[1] See Paragraphs 23 and 26 of the HELOC.

[2] See Paragraph 4 of the HELOC.

[3] See first, unnumbered, paragraph of the HELOC.

the HELOC was secured by a future advance mortgage[4] on plaintiffs' home which was also dated March 21, 2005. At the end of the 10-year Draw Period on the HELOC, defendant's obligation to make advances to plaintiffs under the Agreement terminated and the "entire Account balance outstanding . . . shall be repaid in equal monthly payments in an amount sufficient to amortize the amounts owing over a period of time (the 'Repayment Period') not to exceed ten (10) years."[5] Thus, according to the plain terms of the HELOC, the Draw Period ran from 2005 to 2015—during which smaller repayments from the borrowers were expected—and the Repayment Period ran from 2015 to at most 2025, during which larger repayments from the borrowers were expected.

The default provision[6] of the HELOC stated in part: "Upon the occurrence of any of the following events, the Bank may, at its option, (a) terminate the Account and declare the balance outstanding immediately due and payable . . . ." One of those listed events was the failure to make "any payment on the Account when due[.]" The HELOC further stated: "If the Bank terminates the Account and declares the entire outstanding balance immediately due and payable, the Bank may foreclose on the Real Estate or take any other legal action deemed necessary by the Bank to collect such balance due."[7] The default provision in the future advance mortgage also stated that a remedy for default is foreclosure on the real property by advertisement.[8]

In this case, the parties appear to agree that plaintiffs did not make a payment against the HELOC since 2006. In May 2015—shortly after the "Repayment Period" began—defendant sent a letter to plaintiffs with regard to the HELOC account stating: "Demand is hereby made that the total amount due [$125,271.95] be paid immediately."[9] The letter advised that if payment was not made within ten days, further action would be considered. However, defendant did not begin the foreclosure by advertisement proceeding until about four years later, in 2019.[10]

In response to the foreclosure proceeding, plaintiffs filed a complaint for injunctive and declaratory relief, an emergency motion for a temporary restraining order, and a motion to show cause why a preliminary injunction should not be entered. Plaintiffs argued that any cause of action defendant may have had with regard to the HELOC was unenforceable under MCL

---

[4] See MCL 565.902.

[5] See Paragraph 23 of the HELOC.

[6] See Paragraph 12 of the HELOC.

[7] See Paragraph 12 of the HELOC.

[8] See Paragraph 8 of the Future Advance Mortgage.

[9] Plaintiffs admitted in their complaint that they received this acceleration letter.

[10] To be clear, a foreclosure by advertisement proceeding "is not a judicial action . . . but rather is based on contract between the mortgagor and the mortgagee." *Cheff v Edwards*, 203 Mich App 557, 560; 513 NW2d 439 (1994). "Foreclosure by advertisement is controlled by statute. A mortgagee who uses this method of foreclosure must follow the statutory requirements found in [MCL 600.3201] concerning the initial mortgage and procedural requirements, the publication and posting requirements found in [MCL 600.3208], and the sales procedure requirements found in [MCL 600.3216]." *Id.*

600.5807(1) and MCL 600.5807(9) because defendant failed to act to enforce the terms of the HELOC until more than six years had passed from the accrual of any alleged cause of action. In other words, plaintiffs defaulted on the HELOC in 2006 but the foreclosure proceeding was not initiated until 2019. According to plaintiffs, a mortgage without an underlying enforceable obligation failed as a matter of law; having lost the right to enforce the HELOC, defendant thus also lost the right to enforce the 2005 mortgage. Plaintiffs requested the trial court enter an order declaring that the 2005 mortgage securing payment of the HELOC failed as a matter of law, and enjoining defendant from pursuing a foreclosure by advertisement against their property. The trial court entered a temporary restraining order preventing defendant from holding a sale to foreclose the property, and also entered an order to show cause why a preliminary injunction should not be entered.

Defendant filed an answer to the complaint and a brief in opposition to plaintiffs' request for an injunction, requesting that the trial court sua sponte dismiss the lawsuit under MCR 2.116(I)(1) because plaintiffs' complaint failed as a matter of law. Defendant argued that it declared plaintiffs' HELOC account in default and accelerated the balance due in May 2015. Plaintiffs did not repay the outstanding debt so defendant pursued enforcement of its available remedy, i.e., the foreclosure by advertisement proceeding was initiated in 2019. Defendant argued that the applicable statute of limitations for defendant's foreclosure of the 2005 mortgage was 15 years as set forth in MCL 600.5803. Thus, even if the statute of limitations began running in 2006 when plaintiffs first defaulted, defendant still initiated the foreclosure proceeding well within the 15-year statutory limitations period.

After a hearing on plaintiffs' motion for a preliminary injunction, the trial court entered an order denying plaintiffs' motion for injunction and dismissing the case. The trial court determined that plaintiffs failed to demonstrate an irreparable injury or that an injunction was in the public interest. Finding "that the foreclosure is not barred by the applicable statute of limitations[,]" the trial court dismissed plaintiffs' complaint under MCR 2.116(I)(1) for failure to allege a valid cause of action against defendant. This appeal followed.

II. ANALYSIS

Plaintiffs argue that the trial court erred in concluding that defendant's foreclosure by advertisement proceeding was not barred by the statute of limitations and in dismissing plaintiffs' complaint under MCR 2.116(I)(1).

A. STATUTE OF LIMITATIONS

Plaintiffs first argue that the trial court erred by determining that defendant's foreclosure action was not barred by the applicable statute of limitations. We disagree.

Unless there are disputed questions of fact, the issue whether a cause of action is barred by a statute of limitations is reviewed de novo as a question of law. *Hudick v Hastings Mut Ins Co*, 247 Mich App 602, 605-606; 637 NW2d 521 (2001). We also review de novo questions of statutory interpretation. *Grimes v Mich Dep't of Transp*, 475 Mich 72, 76; 715 NW2d 275 (2006). Further, when interpreting a contract the goal is to ascertain and enforce the intentions of the parties according to the plain language of the contract. *Old Kent Bank v Sobczak*, 243 Mich App 57, 63;

620 NW2d 663 (2000). "Clear, unambiguous, and definite contract language must be enforced as written and courts may not write a different contract for the parties or consider extrinsic evidence to determine the parties' intent." *Wausau Underwriters Ins Co v Ajax Paving Indus, Inc*, 256 Mich App 646, 650; 671 NW2d 539 (2003).

MCL 600.5807 provides, in relevant part:

(1) A person may not bring or maintain an action to recover damages or money due for breach of contract or to enforce the specific performance of a contract unless, after the claim first accrued to the person or to someone through whom the person claims, the person commences the action within the applicable period prescribed by this section.

* * *

(9) The period of limitations is 6 years for an action to recover damages or money due for breach of contract that is not described in subsections (2) to (8).

The statute of limitations applicable to foreclosure on mortgages is MCL 600.5803, which provides:

No person shall bring or maintain any action or proceeding to foreclose a mortgage on real estate unless he commences the action or proceeding within 15 years after the mortgage becomes due or within 15 years after the last payment was made on the mortgage. This section limits foreclosure by advertisement and any other entries under the mortgage as well as actions of foreclosure in the courts.

As set forth above, the terms of the HELOC are unambiguous and clearly provide that, in the event plaintiffs defaulted, defendant "may, at its option, (a) terminate the Account and declare the balance outstanding immediately due and payable[.]" This is an acceleration clause. It was a discretionary remedy—to accelerate the debt—that was accorded to defendant by the parties' contract in the event of plaintiffs' default; when and if defendant chose to accelerate the debt was solely within defendant's discretion, provided that the discretion was exercised before the maturity date of the HELOC.[11] By the plain terms of the HELOC, the Draw Period ran from 2005 to 2015, and the Repayment Period ran from 2015 to, at most, 2025.

In this case, plaintiffs stopped making required payments on the HELOC in 2006. Plaintiffs' default was sufficient for defendant to invoke the acceleration clause contained in the HELOC. But defendant did not exercise its option to accelerate the debt until May 11, 2015— shortly after the Repayment Period on the debt began, as defined by the HELOC. Plaintiffs

---

[11] The HELOC also contained a Waiver clause at Paragraph 17 which stated: "The Bank may from time to time elect to enforce its rights under this Agreement or the Mortgage in full or in part. Partial exercise of, delay in exercise of, or any failure to exercise such rights will not result in loss of any of the Bank's rights under this Agreement or the Mortgage."

admitted in their complaint that they received the letter from defendant advising them that the debt was accelerated and the entire outstanding balance was demanded. It is undisputed that plaintiffs did not pay the outstanding balance in response to defendant's written demand for "the total amount due" to be paid immediately.

Four years later, in 2019, defendant pursued one of its contractual remedies for plaintiffs' breach of the HELOC—foreclosure on the future advance mortgage. Because plaintiffs breached the parties' contract by defaulting on the HELOC, defendant could have filed a breach of contract lawsuit against plaintiffs in an attempt to recover the outstanding debt, which was $125,271.95 according to defendant's notice of acceleration letter dated May 11, 2015. But instead defendant, as the holder of a mortgage against plaintiffs' real property, chose to foreclose on that property to recover the outstanding debt. "Under Michigan law, a mortgage is not an estate in land; it is a lien on real property intended to secure performance or payment of an obligation." *Prime Fin Servs LLC v Vinton*, 279 Mich App 245, 256; 761 NW2d 694 (2008) (internal citations omitted). "The enforcement of the lien through foreclosure is a cumulative remedy that may be pursued simultaneously with an action on the contract from which the lien arose." *Dane Constr, Inc v Royal's Wine & Deli, Inc*, 192 Mich App 287, 292-293; 480 NW2d 343 (1991) (citations omitted); see also, e.g., *Old Kent Bank of Kalamazoo v Whitaker Constr Co*, 222 Mich App 436, 440; 566 NW2d 1 (1997) (addressing a similar situation albeit pertaining to a construction lien).

And contrary to plaintiffs' argument, defendant's pursuit of its contractual remedy for plaintiffs' default was not time-barred by the statute of limitations. As discussed above, the HELOC contained an acceleration clause. Defendant exercised its right to invoke the acceleration clause on May 11, 2015. While plaintiffs committed their initial default in 2006 when they stopped making installment-type payments on the HELOC, defendant clearly opted—as was its right under the default and waiver provisions of the parties' contract—not to accelerate repayment at that time.[12] However, once defendant exercised its right under that acceleration clause, the entire unpaid balance became due. When plaintiffs failed to pay the entire unpaid balance due, the statute of limitations began to run. That is, defendant's breach of contract claim first accrued with regard to the entire unpaid balance of the contract. See *Sparta State Bank v Covell*, 197 Mich App 584, 587-588; 495 NW2d 817 (1992); see also *Diversified Fin Sys, Inc v Schanhals*, 203 Mich App 589, 592; 513 NW2d 210 (1994). Until defendant exercised its right to accelerate the **entire** unpaid balance, plaintiff was only required to make installment-type payments toward the outstanding balance. Once defendant demanded the entire unpaid balance, pursuant to the terms of the parties' contract, defendant's claim to the repayment in full of that entire balance first accrued.

Accordingly, the wrong upon which defendant's claim is based for the purpose of claim accrual is plaintiffs' failure to repay the entire balance owed on the HELOC upon demand pursuant to the terms of their contact, including the acceleration clause. See MCL 600.5827. As set forth above, the statute of limitations on a breach of contract claim is six years from the time the claim first accrues, MCL 600.5807(1) and (9). The future advance mortgage on plaintiffs' home secured

---

[12] This discretionary option is contained in Paragraph 12 of the HELOC, which states that "the Bank may, at its option . . . ." Paragraph 17 is the Waiver provision.

the HELOC debt. Defendant foreclosed on its future advance mortgage in 2019, which was within four years of its claim accruing for the entire unpaid balance on the HELOC; therefore, "even assuming that defendant's foreclosure by advertisement proceeding could be considered "an action to recover damages or money due for breach of contract or to enforce the specific performance of a contract" under MCL 600.5807, it was not time-barred under that provision.[13] That is, contrary to plaintiffs' argument, defendant did not lose the right to enforce the HELOC and the future advance mortgage securing payment of the HELOC did not fail as a matter of law. Accordingly, the trial court properly concluded that the foreclosure proceeding was not barred by the statute of limitations.

## B. MCR 2.116(I)(1)

Plaintiffs also argue that the trial court erred by granting summary disposition under MCR 2.116(I)(1). After de novo review, we disagree. See *AK Steel Holding Corp v Dep't of Treasury*, 314 Mich App 453, 462; 887 NW2d 209 (2016).

Under MCR 2.116(I)(1), the trial court is directed to render judgment without delay if the pleadings show that a party is entitled to judgment as a matter of law or if the proofs show that there is no genuine issue of material fact. See also *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). "However, the trial court may not [grant summary disposition sua sponte] in contravention of a party's due process rights." *Id*. at 489.

Plaintiffs argue that defendant's request for dismissal under MCR 2.116(I)(1) in response to plaintiffs' motion for a preliminary injunction effectively constituted a procedurally deficient motion for summary disposition under MCR 2.116(C)(8) or MCR 2.116(C)(10) that failed to articulate a rationale for dismissal outside of allegedly pro forma statements. Plaintiffs imply that defendant was required to file a formal motion for dismissal under MCR 2.116(C)(8) or MCR 2.116(C)(10). Plaintiffs' argument is unavailing. Defendant "request[ed] that [the trial court] dismiss this complaint *sua sponte* with prejudice" under MCR 2.116(I)(1). A trial court does not err in summarily dismissing a plaintiff's action without a formal motion being filed by a defendant, so long as one of the two conditions of MCR 2.116(I)(1) is satisfied. See *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 584 n 7; 939 NW2d 705 (2019); see also *In re Baldwin Trust*, 274 Mich App 387, 398-399; 733 NW2d 419, aff'd 480 Mich 915 (2007). Plaintiffs have proffered no support for the contention that defendant was prohibited from reminding the trial court of its mandate to dismiss the action if the court found one of the conditions under MCR 2.116(I)(1) was met.

For this same reason, plaintiffs' argument that they were denied an opportunity to respond within the time frame required under MCR 2.116(G) is without merit. According to plaintiffs, because defendant's request was essentially a motion for summary disposition, plaintiffs should have been allowed 21 days to respond as provided in MCR 2.116(G)(1)(a)(i), which states that a "written motion under this rule with supporting brief and any affidavits must be filed and served

---

[13] We decline to address as moot defendant's claim that the 15-year statute of limitations set forth in MCL 600.5803 applies here. We need not decide whether that statute applies to a future advance mortgage that secures the repayment of a HELOC rather than a "mortgage."

at least 21 days before the time set for the hearing[.]" MCR 2.116(G)(1)(a)(i). Yet, by its terms, MCR 2.116(G)(1)(a)(i) applies only to written motions under this rule. Defendant's response to plaintiffs' motion for a preliminary injunction included a request for the trial court's sua sponte dismissal of plaintiffs' complaint under MCR 2.116(I)(1) and was not a motion for summary disposition under MCR 2.116(C). The timeframes set forth in MCR 2.116(G) are thus not applicable to this case.

Furthermore, to the extent plaintiffs' argument contends they were deprived of procedural due process, plaintiffs' claim is unavailing. "Due process is a flexible concept, the essence of which requires fundamental fairness." *Al-Maliki*, 286 Mich App at 485. "The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Id*. Here, plaintiffs were provided sufficient opportunity at all stages of the litigation to explain the factual and legal underpinnings of their claim that defendant's foreclosure by advertisement was barred by the applicable statute of limitations. Plaintiffs were notified of defendant's request to the trial court to use its authority under MCR 2.116(I)(1) to dismiss plaintiffs' complaint within defendant's response to plaintiffs' motion for preliminary injunction. Plaintiffs were afforded the chance to respond to defendant's request for dismissal under MCR 2.116(I)(1) in the form of a reply to said response and at the hearing on plaintiffs' motion for preliminary injunction. Plaintiffs were given ample avenues in which to convey the entirety of the merits of their claims.

Additionally, plaintiffs were, or should have been, aware that the trial court was required to dismiss the case under MCR 2.116(I)(1) if the trial court found that the statutory period of limitations had not run and defendant was entitled to judgment as a matter of law. See *Sobiecki v Dep't of Corrections*, 271 Mich App 139, 141; 721 NW2d 229 (2006) ("Upon concluding that defendants were entitled to judgment as a matter of law, the trial court's dismissal of the case was mandatory."). Indeed, the issue whether the statutory limitations period had expired was not considered sua sponte by the trial court—this was the single issue behind plaintiffs' complaint and request for a preliminary injunction. Therefore, the basic requirements of due process were met in this case.

Plaintiffs have also not demonstrated that the trial court erred in determining that plaintiffs failed to allege a valid cause of action against defendant. As discussed previously, the trial court did not err in its determination that the applicable statutory limitations period had not expired when defendant initiated the foreclosure by advertisement proceeding on the 2005 mortgage. Plaintiffs argue that the trial court's failure to specify which statute of limitations applied indicated the trial court did not have enough evidence to determine the applicable statute. While the trial court did not cite to the pertinent statute of limitations, such an omission does not logically support the conclusion that the trial court had insufficient information upon which to make this determination. The trial court correctly determined that defendant's foreclosure by advertisement proceeding was not time-barred, which precluded any award of injunctive relief. Once the trial court concluded that defendant was entitled to judgment as a matter of law, the trial court was obliged to dismiss

the case under MCR 2.116(I)(1). See *Sobiecki*, 271 Mich App at 141. Therefore, the trial court did not err in dismissing plaintiffs' complaint under MCR 2.116(I)(1).

Affirmed.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello