## Lewis P. Fender v. Daniel J. Powers.

*Guardian's sale—Failure to give statutory bond—Wards may confirm title after arriving at full age—Presumed to do so by accepting purchase money which guardian had invested for them—Bill to cancel deed obtained through fraud—See head-note 1 for facts held to warrant such relief.*

1. Where the land of minors was sold at guardian's sale without the guardian being required to give, or giving, the statutory bond, and the purchase money was invested, and paid to the wards after attaining their majority; and some years afterwards, the purchaser, who had been in possession of and improving the land, conveyed the premises by warranty deed to a third party, who thereafter occupied it as his homestead; and another party, detecting the flaw in the title, applied to the wards to convey to him *other* lands, and without their knowledge included the land sold by their guardian in the deed, whereupon the grantee of the purchaser at the guardian's sale applied to the heirs, who executed a deed to him confirmatory of the guardian's deed:—

    *Held,* that he could maintain a suit in equity to remove the cloud caused by the *first* deed of said minors, on the ground of fraud upon *himself,* to which they were not conscious parties.

    *Held,* further, that the doctrine that a right to set aside a conveyance for fraud is not assignable has no application to such a case.

2. Where a guardian sold and conveyed the land of her wards at guardian's sale, investing the purchase money for their benefit, which was paid to them after attaining their majority, and it appeared that she had failed to give the statutory bond on such sale, the same not having been required by the probate court,—

    *Held,* that the title, if defective, was one which the wards could *affirm,* and that by receiving and retaining the proceeds of the sale they had *presumptively* done so.

Appeal from Barry.  (Hooker, J.)  Argued June 24, 1886. Decided July 1, 1886.

Bill to remove cloud from title.  Complainant appeals. Decree reversed, defendant to answer within forty days, etc. The facts are stated in the opinion and head-notes.

*Robert W. Shriner* and *Clement Smith,* for complainant.

*W. S. & J. M. Powers,* for defendant.

CAMPBELL, C. J. Complainant filed his bill to remove a cloud on the title to lands in his possession for some years, which he originally bought at a probate sale made by a guardian. This sale was made in 1873, and the only supposed defect was the failure of the probate court to require a special bond, and the failure of the guardian to give one. The sale was confirmed, and in all other respects regular, and for $400, which was all the land was worth.

The purchaser went at once into possession, and cleared and improved it; so that in 1881, when complainant bought under the warranty deed of Edgar A. Gilson, who bought at the probate sale from Eunice Sherman, grandmother and guardian of the minors, Fanny M. Sherman and Robert P. Sherman, he paid for the land, as improved, $1,200.

The guardian received from Mr. Gilson the purchase price for which she sold it, and put out the entire amount upon security. After the minors reached their majority they received from their guardian the full amount of the investment, and its avails, and are and have been entirely satisfied with the sale.

The bill avers that one Walter S. Powers, of Nashville, Michigan, an attorney, discovered, in some way, the supposed defect in the guardian's proceedings, and, with full knowledge that complainant occupied the land as his homestead, set about a contrivance to get the title for his brother, the defendant; that said Walter, upon some pretext, applied to the heirs to convey another parcel of land in Nashville, sold at the same sale to one Truman; and that, in preparing the deed for the Nashville property, he put in that deed a description of complainant's land also, without the consent or intention of the grantors, putting in a consideration of $1,500, no part of which was paid, the deed being fraudulent as against the alleged grantors as well as against complainant.

This was done, and the deed recorded in June, 1885, and on June 25, 1885, a notice to quit was given in the name of defendant.

Complainant at once applied to Robert Sherman and his

sister, Fanny Slater (formerly Sherman), who disclaimed any knowledge of the conveyance to defendant, and offered to perfect complainant's title, and to do so executed a proper conveyance, which he has put on record.    Complainant asks the proper relief to remove the cloud.    Defendant demurred generally, and the circuit court of Barry county sustained the demurrer and dismissed the bill.    Complainant appeals.

We think the bill made out a good case for relief.    It does not appear that the complainant's title, if defective, had been made good by the operation of the statute, but it is one which is covered by a short statute, and one which the heirs could beyond doubt affirm.    This they have done presumptively by the voluntary reception and retention of the purchase money after reaching adult age, and have done expressly by deed.

The doctrine that a right to set aside a conveyance for fraud cannot be assigned has no reference to such a case as this.    Had they purposely colluded with defendant to cheat complainant out of his land while keeping the purchase money, they would have been proper defendants to a bill jointly with defendant.    But they have been honest and fair, and have given him the redress he asked without attempting to impede him.    Defendant cannot, as a purchaser without value and in bad faith, now object that plaintiff is merely seeking to redress a fraud against them.    He is seeking to redress a palpable fraud against himself, to which they were not conscious parties.    If the bill is correct, they never gave the deed in question as their lawful deed, and it could not be so regarded.    But it would be absurd to treat this case as a purchase by complainant of a naked right to pursue a fraud against other persons.    Such a rule cannot prevent his getting relief for fraud against himself.

The case, if the facts are true, is one of gross fraud, and clearly relievable.

The decree must be reversed, with costs, and defendant must answer within forty days.

The other Justices concurred.