BEECHER *v.* FERRIS.

1. ADVERSE POSSESSION—TRIAL—INSTRUCTIONS.

> An instruction in ejectment that plaintiff's adverse possession
> would become perfect with the lapse of 15 years, even if
> he originally had no shadow of title, if such possession
> was so open that any other person could bring suit to eject
> him, sufficiently presents the point that plaintiff need not
> show any deed, survey, or plat as evidence of ownership to
> entitle him to recover.

2. SAME—FENCES—BOUNDARIES—ESTOPPEL.

> The fact that a land owner puts up a fence inside of his
> boundary line, without knowing where the line is, will not
> estop him from subsequently removing it to the true line,
> unless the adjoining owner has in the meantime acquired
> title by adverse possession.[1]

Error to Wayne; Donovan, J. Submitted February
5, 1897. Decided May 11, 1897.

Ejectment by George L. Beecher against Alfred Ferris
and Osman B. Canney. From a judgment for defend-
ants, plaintiff brings error. Affirmed.

*Henry M. Cheever*, for appellant.

*John Galloway* and *Henry M. DuBois*, for appellees.

LONG, C. J. This is an action of ejectment to recover
possession of a strip of land 2 feet wide and 115 feet long.
It is the strip extending southward from the barn, as
shown on the plat in the case of *Beecher* v. *Ferris*, 110
Mich. 537. In that case the controversy arose over a
strip 2 feet wide and 16 feet long, being the land on lot 5
covered by the barn. There, as here, the controversy

---

[1] The authorities as to adverse possession due to ignorance or mis-
take in respect to boundary are collected in a note to *Preble* v.
*Maine Cent. R. Co.*, (Me.) 21 L. R. A. 829.

arose over the question of plaintiff's continuous adverse possession of the strip for a sufficient length of time to ripen into a title. The question there was fully and fairly submitted to the jury, and that judgment was affirmed in this court, the defendants having recovered in the court below. In the present case the defendants also recovered.

Some contention is made that the court erred in the admission of certain of the testimony. We have examined these questions, and find no error, and shall not discuss them.

The next contention is that the court erred in refusing to give plaintiff's first request to charge, as follows:

"Plaintiff claims to recover upon what the law calls 'adverse possession' of this strip of land; and it is not necessary, to entitle him to recover, that he should show any deed or survey or plat, or anything of that kind, as evidence of ownership."

The court refused this request, but counsel for defendants contend that the giving of the third request cured the error, if any error was committed. The third request reads:

"Plaintiff's adverse possession would become perfect with the lapse of 15 years, even if plaintiff originally had no shadow of title, provided such adverse possession was so open that any other person could bring suit to eject the plaintiff."

We think the third request substantially covered what was asked in the first request.

Some contention is made that the court erred in modifying the plaintiff's seventh, eighth, tenth, and eleventh requests. These requests all proceeded upon the theory that, when Mr. Ferris built the fence, he put it upon the true line. He testified that at that time he did not know where the true line was; that all of Mr. Beecher's property was open common, and he built his fence to keep the cattle out, and not as a boundary line fence; that, when he had it surveyed, he found where the line was, and

moved the fence upon the true line. We think all these questions were fully and fairly submitted to the jury. The controversy is over this disputed boundary. The fact that Mr. Ferris put a fence there without knowing where the line was would not estop him from putting his fence on the true line, unless Mr. Beecher had acquired title to the disputed strip by adverse possession. This question was left to the jury.

The judgment must be affirmed.

The other Justices concurred.