ADAMS v ADAMS (ON RECONSIDERATION)

Docket No. 274497. Submitted June 5, 2007, at Detroit. Decided September 27, 2007, at 9:00 a.m. Leave to appeal sought.

Joann J. Adams brought an action in 2005 in the Oakland Circuit Court against Terrance J. and Sandra M. Adams and Robert S. and Mary Beth Adams to determine the parties' interest in real property that had at one time been owned one-third by Terrance and Mary Beth, one-third by Robert S. and Sandra, and one-third by the plaintiff and her husband, Robert J. Adams. The three couples owned the property as tenants in common, and each couple held its respective one-third interest in tenancy by the entirety. Robert J. Adams died in 1997. When a safe-deposit box that he used was opened, a deed was found inside. The deed was made and recorded in 1988 and was purportedly signed by the plaintiff and Robert J. Adams. The deed conveyed the one-third interest of the plaintiff and Robert J. Adams to Robert J. Adams as trustee of the Robert J. Adams Trust. Neither the plaintiff nor the defendants apparently knew that the deed existed until the safe-deposit box was opened. A deed was executed in 1999 conveying one-half of the one-third interest of the Robert J. Adams Trust to each of the defendant couples. The plaintiff alleged in her complaint that she never signed the 1988 deed and, alternatively, that if she did sign the deed, her signature was procured by fraud or the undue influence of her late husband. The plaintiff alleged that she had not been disseised of the property until 1997, when the deed was discovered, or 1998, when the defendants discontinued paying the plaintiff a portion of the rent generated by the property, and that the action therefore was filed within the 15-year period of limitations provided in MCL 600.5801(4) that applies to actions to quiet title to real property. The defendants contended that the action sounded in fraud or undue influence or was a claim for rescission of a written instrument, that the six-year period of limitations of MCL 600.5813 therefore applied, and that the action was time-barred. The court, John J. McDonald, J., agreed with the defendants and granted summary disposition in their favor, dismissing the plaintiff's claims. The court held the defendants' counterclaims in abeyance and thereafter entered

an order dismissing the counterclaims. The plaintiff appealed. The Court of Appeals, SERVITTO, P.J., and JANSEN and SCHUETTE, JJ., affirmed for a different reason than that relied on by the trial court in an opinion per curiam issued on June 26, 2007 (Docket No. 274497). Before that opinion could be published, the Court of Appeals granted the plaintiff's motion for reconsideration and vacated the June 26, 2007, opinion.

On reconsideration, the Court of Appeals *held*:

1. The gravamen of the plaintiff's claim was to quiet title under MCL 600.2932. The claim was governed by the 15-year period of limitations of MCL 600.5801(4).

2. Since the general abolition of the distinctions between law and equity, Const 1963, art 6, § 5, a plaintiff is no longer required to bring separate actions in law and equity. The Legislature's enactment of MCL 600.2932 had the effect of combining the action for ejectment and the action to quiet title and creating a single action to determine interests in land. The statute provides that all actions to determine interests in land are equitable in nature. Any affected party may bring such an action, whether the party is in possession of the property or not.

3. An action brought under MCL 600.2932, albeit one seeking the cancellation of a deed or conveyance, retains the fundamental essence of an action to determine interests in land. Even where the claim seeks cancellation or rescission on the grounds of fraud and undue influence, the alleged fraud and undue influence are merely incidental and not determinative of the nature of the action and the action remains a suit to quiet title subject to the 15-year limitations period of MCL 600.5801(4).

4. In cases where the adverse claimant claims title under color of a deed, disseisin occurs when the record owner first receives notice of the adverse deed and the period of limitations runs from the time of the disseisin.

5. The plaintiff was not disseised of her interest until she acquired notice of the 1988 deed in 1997. Her claim to quiet title accrued in 1997 and the action was commenced in 2005, within the 15-year limitations period. The judgment and order of the trial court must be reversed and the matter must be remanded for reinstatement of the action to quiet title.

Reversed and remanded.

1. REAL PROPERTY — ACTIONS.

The Legislature has eliminated any remaining distinction between law and equity in actions relating to title to real property by

combining the actions of ejectment and to quiet title into a single action to determine interests in land; all such actions are now equitable in nature (MCL 600.2932).

2. REAL PROPERTY — LIMITATIONS OF ACTIONS.

The statute of limitations applicable to actions alleging fraud is not applicable in an action to quiet title to real property to bar proof regarding the fraudulent nature of a conveyance that is a cloud on that title; the statute of limitations applicable to an action to quiet title, an action to determine interests in land, is applicable to the action (MCL 600.2932, 600.5801[4], 600.5813).

3. REAL PROPERTY — DISSEISIN — LIMITATION OF ACTIONS.

Disseisin occurs when the record owner first receives notice of an adverse deed where an adverse claimant claims title to real property under color of a deed; the period of limitations applicable to an action to quiet title by the record owner runs from the time of disseisin.

*Kemp Klein Law Firm* (by *Richard Bisio*) for the plaintiff.

*Donald L. Samhat, P.C.* (by *Donald L. Samhat*), for Terrance J. and Sandra M. Adams.

*Michael D. Schloff PLLC* (by *Michael D. Schloff*) for Robert S. and Mary Beth Adams.

Amicus Curiae:

*Thomas A. Kabel* for the Real Property Law Section of the State Bar of Michigan.

Before: SERVITTO, P.J., and JANSEN and SCHUETTE, JJ.

PER CURIAM. In this action brought to determine interests in land, plaintiff appeals as of right the trial court's grant of summary disposition in favor of defendants under MCR 2.116(C)(7). On reconsideration, we reverse and remand for further proceedings.

I

Plaintiff was the second wife of the late Robert J. Adams. Robert J. Adams had two children from his first marriage: defendants Terrance J. Adams and Robert S. Adams. Terrance J. Adams is married to defendant Sandra M. Adams, and Robert S. Adams is married to defendant Mary Beth Adams. The parties mutually owned the real property at issue in this case. A one-third interest was owned by plaintiff and Robert J. Adams, another one-third interest was owned by Terrance J. Adams and Sandra M. Adams, and the final one-third interest was owned by Robert S. Adams and Mary Beth Adams. The three couples owned the property as tenants in common, and each couple held its respective one-third interest in tenancy by the entirety.

In 1988, a deed purportedly signed by plaintiff and Robert J. Adams conveyed their one-third interest in the property to Robert J. Adams, as trustee of the Robert J. Adams Trust. This deed was promptly recorded. Plaintiff asserts that she never signed the 1988 deed, and alternatively contends that if she did sign the deed, her signature was procured through the fraud or undue influence of her late husband. Plaintiff's late husband Robert J. Adams died in January 1997.

A safe-deposit box used by Robert J. Adams was opened in the summer or fall of 1997. The 1988 deed was found inside. While Robert J. Adams had recorded the deed in 1988, neither plaintiff nor defendants apparently knew that the deed existed until the safe-deposit box was opened in 1997.

Although the 1988 deed was found in 1997, it is undisputed that defendants continued paying plaintiff a portion of the rent generated by the property until 1998. A deed was then executed in 1999 that conveyed

half of the one-third interest of the Robert J. Adams Trust to Terrance J. Adams and Sandra M. Adams, and the other half of the one-third interest of the Robert J. Adams Trust to Robert S. Adams and Mary Beth Adams. Plaintiff contends that this 1999 deed transferred nothing to defendants because the earlier 1988 deed, as either a fraud or a forgery, had never conveyed the one-third interest to the trust in the first instance. Instead, plaintiff contends that she acquired full ownership of the one-third interest in question upon her late husband's death.

In 2005, plaintiff sued to determine the parties' interests in the property, asserting that she had not been disseised of the property until 1997 or 1998, and that her complaint was therefore timely under the applicable 15-year period of limitations. Defendants responded that plaintiff's claim sounded in fraud or rescission, and that it was therefore already time-barred by the applicable six-year limitations period. The trial court agreed with defendants, and on July 12, 2006, granted summary disposition in their favor under MCR 2.116(C)(7).

II

We review de novo the trial court's grant or denial of a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is properly granted pursuant to MCR 2.116(C)(7) when the claim is barred by the applicable period of limitations. *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 419; 684 NW2d 864 (2004). Whether a claim is barred by the applicable period of limitations is a question of law that we review de novo. *Detroit v 19675 Hasse*, 258 Mich App 438, 444; 671 NW2d 150 (2003). Lastly, a challenge to subject-matter

jurisdiction may be raised at any time, and presents a question of law that we review de novo. *Bass v Combs*, 238 Mich App 16, 23; 604 NW2d 727 (1999).

### III

As a preliminary matter, defendants assert that this Court lacks subject-matter jurisdiction to hear and decide this appeal. We disagree. The question of jurisdiction is always within the scope of this Court's review. *Walsh v Taylor*, 263 Mich App 618, 622; 689 NW2d 506 (2004). This Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . ." MCR 7.203(A)(1). A "final judgment" or "final order" is "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a)(i). Because the trial court's order of July 12, 2006, did not dispose of all the claims and adjudicate the rights and liabilities of all the parties, it was not the final order in this case. Instead, the trial court's order of October 30, 2006, which dismissed the still-pending counterclaims of the defendants, was the final order under MCR 7.202(6)(a)(i). Defendants' jurisdictional challenge is without merit.

### IV

Plaintiff argues that the trial court erred in granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7). She asserts that the true gravamen of her complaint was to quiet title under MCL 600.2932, and that the trial court therefore should have applied the 15-year limitations period of MCL 600.5801(4). In response, defendants assert that plaintiff's claim

sounded in fraud or undue influence,[1] and that the trial court properly applied the residual six-year limitations period of MCL 600.5813. Defendants secondarily assert that even if the claim did not sound in fraud, it was nonetheless a claim for rescission of a written instrument, and the same six-year limitations period therefore applied. We agree with plaintiff that the gravamen of her claim was to quiet title under MCL 600.2932, and conclude that the claim was governed by the 15-year limitations period of MCL 600.5801(4).

### A. THE GRAVAMEN OF PLAINTIFF'S CLAIM

As plaintiff correctly notes, the period of limitations for actions to quiet title is 15 years. MCL 600.5801(4); see also *Gorte v Dep't of Transportation*, 202 Mich App 161, 165; 507 NW2d 797 (1993). In contrast, claims sounding in fraud are subject to the residual six-year limitations period of MCL 600.5813. *Badon v Gen Motors Corp*, 188 Mich App 430, 435; 470 NW2d 436 (1991). Claims seeking rescission are generally governed by the same residual six-year period of limitations. MCL 600.5813; see also *Wall v Zynda*, 283 Mich 260, 265-266; 278 NW 66 (1938).

In deciding which period of limitations controls, we must first determine the true nature of the claim. *Simmons v Apex Drug Stores, Inc*, 201 Mich App 250, 253; 506 NW2d 562 (1993). "The type of interest allegedly harmed is the focal point in determining which limitation period controls." *Id*. It is well settled that the gravamen of an action is determined by reading

---

[1] Undue influence is a species of fraud, *In re Jennings' Estate*, 335 Mich 241, 247; 55 NW2d 812 (1952); *Coon v Dennis*, 111 Mich 450, 451; 69 NW 666 (1897), and the general rules applicable in cases of fraud therefore apply in cases of undue influence as well, see, e.g., *Taylor v Klahm*, 8 Mich App 516, 517-518; 154 NW2d 529 (1967).

the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim. *David v Sternberg*, 272 Mich App 377, 381; 726 NW2d 89 (2006); *Tipton v William Beaumont Hosp*, 266 Mich App 27, 33; 697 NW2d 552 (2005).

In the past, there were two distinct actions for clearing title and recovering possession of real property: the action for ejectment and the action to quiet title. *Tray v Whitney*, 35 Mich App 529, 533; 192 NW2d 628 (1971). The common-law action for ejectment was a legal action by which a nonpossessory party sought to recover real property that was in the possession of another. *Id*. In contrast, the equitable action to quiet title was available to a party in possession of real property who sought to clear the property's title as against the world. *Id*. The action to quiet title was intended to reach parties out of possession who could not be compelled to defend their rights at law. *Featherston v Pontiac Twp*, 310 Mich 129, 133; 16 NW2d 689 (1944).

While the circuit court sitting in chancery had the express jurisdiction to hear and decide actions to quiet title, a bill to quiet title did not lie if the plaintiff had an adequate remedy at law. *Hawkins v Dillman*, 268 Mich 483, 488; 256 NW 492 (1934). However, notwithstanding the availability of a suit for ejectment, chancery could take jurisdiction if an independent ground justified equitable relief. *Id*. Therefore, even when a suit for ejectment was open to the plaintiff, equity could act to quiet title in cases involving fraud and cases in which the plaintiff sought rescission or reformation. See *id*.

The historic distinctions between law and equity have now been generally abolished in this state, and a plaintiff is no longer required to bring separate actions in law and equity. Const 1963, art 6, § 5; *Stefanac v*

*Cranbrook Ed Community (After Remand)*, 435 Mich 155, 169-170; 458 NW2d 56 (1990). Specifically with respect to real property actions, the Legislature's enactment of MCL 600.2932 has "combined the two actions of ejectment and quiet title, and created a single action to determine interests in land."[2] *Tray, supra* at 534. MCL 600.2932(1) provides:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

The statute has thus eliminated any remaining distinction between law and equity in actions to try title, and specifically provides that all actions to determine interests in land are now "equitable in nature."[3] MCL 600.2932(5); *Tray, supra* at 534.

We begin by clarifying a possible point of confusion. We are cognizant that our Supreme Court's decisions in *Lecus v Turns*, 180 Mich 117; 146 NW 649 (1914), and *Gragg v Maynard*, 164 Mich 535; 129 NW 723 (1911), might appear at first blush to support defendants' argument in the case at bar.[4] In *Lecus* and *Gragg*, the

---

[2] The former action to quiet title also encompassed claims to remove a cloud on a title. See *Hall v Hanson*, 255 Mich App 271, 277; 664 NW2d 796 (2003).

[3] Although MCL 600.2932 has eliminated the distinction between actions for ejectment and to quiet title, suits under § 2932 are still commonly referred to as "quiet title" actions. See *VanAlstine v Swanson*, 164 Mich App 396, 400; 417 NW2d 516 (1987).

[4] At least one secondary source relies on *Lecus* and *Gragg* for the proposition that actions brought under MCL 600.2932 may be "distinct from a suit to cancel a deed, to correct a mistake in a deed, [or] to avoid an alleged fraud . . ." and that "[a]n action for cancellation of a deed may

plaintiffs were not in possession of the realty, but nevertheless brought equitable actions to quiet title, asserting that certain deeds had been acquired through fraud or undue influence. Our Supreme Court ruled that the out-of-possession plaintiffs had not made out claims to quiet title, but had rather set forth claims seeking cancellation of the deeds on the ground of fraud. Indeed, after examining the plaintiffs' claim in *Gragg*, the Court specifically stated that "[t]he bill is not a bill to quiet title, but to procure the annulment and cancellation of the alleged deed upon the ground that it was obtained by fraud." *Gragg, supra* at 538. Likewise, when the defendants in *Lecus* argued that "a bill to quiet title cannot be maintained by one out of possession against a defendant in possession," the plaintiffs responded by asserting that their complaint was "not a bill to quiet title, but a bill to set aside a certain deed fraudulently obtained by defendants." *Lecus, supra* at 119.

Although *Lecus* and *Gragg* seemingly establish a distinction between claims "to quiet title" and claims "to procure the annulment and cancellation of [a] deed," it is clear that this distinction was set up in *Lecus* and *Gragg* for one reason only—to clarify that the circuit court had properly exercised equitable jurisdiction despite the fact that the plaintiffs, who were not in possession of the realty, would ordinarily have been relegated to suits for ejectment at law. In other words,

---

not be an action to quiet title although it is also alleged that the deed is a cloud on title." 11 Michigan Pleading & Practice (2d ed), Real Property Actions to Determine Right, Title and Interest, § 82:3, pp 475-476; 11A Michigan Pleading & Practice (2d ed), Rescission, Cancellation, and Reformation Actions, § 85:2, p 80. However, because *Lecus* and *Gragg* were decided before the merger of law and equity and turned on the peculiar distinctions between actions to quiet title and for ejectment, they are irrelevant to our analysis of whether plaintiff's claim falls within MCL 600.2932.

the significance of *Lecus* and *Gragg* was necessarily confined to the particular question whether a nonpossessory plaintiff could maintain an action in equity.

As noted earlier, the enactment of MCL 600.2932 has eliminated the distinction between law and equity in actions to determine interests in land, and it no longer matters which party is in possession of the realty at the time the action is commenced. Under the modern statutory scheme, there is one unified action to determine interests in land, and any affected party may bring such an action whether in possession or not. MCL 600.2932(1). Thus, our Supreme Court's decisions in *Lecus* and *Gragg* have lost the meaning they once had in this context, and neither decision stands for the proposition that plaintiff's claim in the present case is not a claim to quiet title under MCL 600.2932.[5]

Turning back to the substance of the parties' arguments in this case, we note that this Court has implic-

---

[5] Indeed, the Michigan Reports are replete with cases decided before the merger of law and equity wherein a *nonpossessory* party's claim to remove a fraudulent deed as a cloud on title is classified as an action to cancel or rescind the conveyance. Before the merger of law and equity, equitable matters such as fraud and undue influence were cognizable only in the equity courts, as was the equitable remedy of rescission. Indeed, it was said at the time that "[t]he rule in Michigan excludes in ejectment all defenses that are not legal." *Olmstead v Johnson*, 313 Mich 57, 65; 20 NW2d 809 (1945). Therefore, a *nonpossessory* party, when suing for ejectment at law, could not raise the equitable defense of fraud or seek the cancellation of a deed. *Paldi v Paldi*, 95 Mich 410, 411; 54 NW 903 (1893); see also *Frenzel v Hayes*, 242 Mich 631, 637; 219 NW 740 (1928); and see *Moran v Moran*, 106 Mich 8, 12-13; 63 NW 989 (1895). However, a *possessory* party suing to quiet title in equity was always permitted to raise equitable defenses and to seek the cancellation of deeds, and the fact that the party sought rescission or cancellation did not transform the gravamen of his or her complaint into a claim for rescission or fraud. *Fender v Powers*, 62 Mich 324, 325; 28 NW 880 (1886) (even where the primary relief sought by the plaintiff was cancellation of an allegedly fraudulent conveyance, his action remained a "bill to remove a cloud on the title to lands in his possession").

itly held that even when a claimant seeks to set aside a deed or conveyance, his or her claim to determine interests in land nonetheless retains the essence of a claim to quiet title. *Carpenter v Mumby*, 86 Mich App 739, 746; 273 NW2d 605 (1978). In *Carpenter*, although the counterclaimants sought to set aside a deed from their late father's personal representative to the plaintiff as illegal or void, this Court categorized the counterclaim not as an action to cancel a deed, but as an action to quiet title under MCL 600.2932. *Carpenter, supra* at 746.[6]

We also note that plaintiff styles the claim at issue as a claim "[t]o determine interests in land." It is true that we are not bound by a party's choice of labels because this would effectively elevate form over substance. *Johnston v Livonia*, 177 Mich App 200, 208; 441 NW2d 41 (1989). At the same time, however, we are mindful that both the form and the substance of plaintiff's complaint are more similar to a claim to quiet title than to a claim alleging fraud. Indeed, plaintiff is not suing the party purportedly responsible for the fraud or undue influence alleged in this case, nor does she seek damages for that allegedly fraudulent conduct. Instead, she is suing defendants in what strongly resembles a classic action for ejectment. *Tray, supra* at 533.

We find further support for plaintiff's position in the federal courts' interpretation of MCL 600.2932. Al-

---

[6] The *Carpenter* Court also recognized that the counterclaim was governed by one of the limitations periods of MCL 600.5801. *Carpenter, supra* at 746. The specific statute of limitations at issue in *Carpenter* was not § 5801(4), but rather § 5801(1), which describes the limitations period for actions to quiet title following the sale of land by an executor or administrator. Nonetheless, *Carpenter* implicitly supports plaintiff's contention that her claim is governed by one of the limitations periods of MCL 600.5801 rather than by the six-year limitations period applicable to actions for rescission or fraud.

though the decisions of lower federal courts are not binding precedents, *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004), federal decisions interpreting Michigan law are often persuasive. In *LaVean v Cowels*, 835 F Supp 375, 377 (WD Mich, 1993), the plaintiff sued to quiet title to a 105-acre farm. The plaintiff claimed title to the farm under a 1992 deed, and the defendant claimed title to the farm under a 1987 deed. *Id*. The plaintiff contended that the 1987 deed was a fraud or a forgery, and sought a court order setting it aside. Notwithstanding these allegations of fraud and forgery and the plaintiff's request to rescind the deed, the court concluded that the gravamen of the plaintiff's complaint was to quiet title under MCL 600.2932. *LaVean, supra* at 383.

Further, in *Lorimer v Berrelez*, 331 F Supp 2d 585, 587 (ED Mich, 2004), the plaintiff's mother had, before her death, conveyed a parcel of property to the defendants in 1989. The plaintiff, as the personal representative of her mother's estate, asserted that the defendants had agreed to pay $50,000 plus interest for the property. *Id*. The defendants did make certain payments to the plaintiff's mother from 1989 until 1995, but stopped paying well before reaching the full $50,000 amount. *Id*. at 589. The defendants argued that they never promised to pay the plaintiff's mother $50,000, and that they had only agreed to take the property in exchange for "tak[ing] over all responsibility on bringing the delinquent real property taxes current." *Id*. at 587. Among other things, the plaintiff contended that the defendants had defrauded her mother in taking the property. She sought rescission of the 1989 deed and the imposition of a constructive trust. *Id*. at 593. The court ruled that "these two claims are actions for the recovery of land, and, as a consequence, [the plaintiff's] construc-

tive trust and rescission claims are governed by [the] fifteen-year statute of limitations" of MCL 600.5801(4). *Lorimer, supra* at 593.

A similar result was reached in *Blachy v Butcher*, 35 F Supp 2d 554 (WD Mich, 1998), rev'd in part on other grounds, 221 F3d 896 (CA 6, 2000). There, the plaintiffs purchased condominiums on a certain parcel of real property from the defendant's companies. *Id.* at 556. At the time of sale, the defendant represented to the plaintiffs that his companies held title to the land. *Id.* Although one of the defendant's companies had held title at one time, the company had conveyed the land to the defendant and his wife before the plaintiffs' purchases. *Id.* The plaintiffs sued to quiet title, seeking a court order setting aside the earlier deed from the defendant's company to the defendant and his wife. Notwithstanding the defendant's assertion that the plaintiffs' claim was time-barred, the court ruled that "[t]he suit is, in essence, a quiet title action. Therefore, the 15 year period set forth in [MCL 600.5801(4)] governs." *Blachy, supra* at 560.

Finally, plaintiff's position in the case at bar is strengthened by caselaw from several other states. Like the federal cases we have cited, although judicial decisions from foreign jurisdictions are not binding, they may be persuasive. *Hiner v Mojica*, 271 Mich App 604, 612; 722 NW2d 914 (2006). Several foreign courts have ruled that even when one party seeks to set aside a conveyance as the product of fraud, the gravamen of the complaint is to quiet title or to remove a cloud thereon. *Cole v Ames*, 155 Cal App 2d 8, 11; 317 P2d 662 (1957) (stating that "the gravamen of the instant action is to remove a cloud and quiet respondents' title to real property," and that "[t]he alleged fraud and illegality of the transaction are merely incidental and not determi-

native of the nature of the action"); *Bradbury v Neth-ercutt*, 95 Wash 670, 673; 164 P 194 (1917) (noting that "even though fraud is practiced in creating the cloud," "the gravamen of this action is to quiet title"); *Detwiler v Schultheis*, 122 Ind 155, 162; 23 NE 709 (1890) (holding that "[f]raud may be, and, in fact, is, an incident to the cause of action alleged in the complaint, but that is all," and accordingly that "[t]he *gravamen* of the action is to quiet title to real estate, and not . . . for relief against fraud") (Emphasis in original.)

Because such claims do not sound primarily in fraud, the limitations periods applicable to actions for fraud do not apply, and the claims are governed by the limitations periods applicable to actions to determine interests in land. *Cole, supra* at 11; *Bradbury, supra* at 672-673; *Detwiler, supra* at 162; see also *Opp v Boggs*, 121 Mont 131, 140-142; 193 P2d 379 (1948). Indeed, " '[t]he general rule is that when fraud is only an incident to a cause of action a statute of limitations applicable to relief against fraud cannot be invoked in a suit to quiet title or to remove a cloud therefrom.' " *Moore v Smith-Snagg*, 793 So 2d 1000, 1003 (Fla App, 2001) (citation omitted); *Cooper v Floyd*, 9 NC App 645, 647; 177 SE2d 442 (1970) (identical language); *Cox v Watkins*, 149 Kan 209, 215; 87 P2d 243 (1939) (identical language); see also *Lotspeich v Dean*, 53 NM 488, 500; 211 P2d 979 (1949); and see *Wagner v Law*, 3 Wash 500, 517-518; 28 P 1109 (1892). Stated another way, "the statute of limitations applicable to fraud . . . is not applicable in a quiet title action to bar proof as to the fraudulent nature of a conveyance which is a cloud on that title." *Wallin v Scottsdale Plumbing Co, Inc*, 27 Ariz App 591, 596; 557 P2d 190 (1976); see also *Murphy v Crowley*, 140 Cal 141, 146-147; 73 P 820 (1903) (holding that "although the main ground of the action is fraud or mistake, whereby the defendant has obtained

the legal title to the land in controversy, and the chief contention between the parties is with respect to the fraud or mistake alleged . . . the action is in reality for the recovery of real property, and is not barred except by the [period of] limitation" applicable to real property actions).

In short, this Court has previously classified a counterclaim as a claim to quiet title under MCL 600.2932, notwithstanding the fact that the counterclaimants primarily sought the cancellation of a deed. *Carpenter, supra* at 746. Moreover, we are persuaded by the logic of the aforementioned federal and foreign state cases. We conclude that an action brought under MCL 600.2932, albeit one seeking the cancellation of a deed or conveyance, retains the fundamental essence of an action to determine interests in land. Similarly, we conclude that even when such a claim seeks cancellation or rescission on the grounds of fraud and undue influence, the alleged fraud and undue influence are "merely incidental and not determinative of the nature of the action," *Cole, supra* at 11, and the action remains a suit to quiet title. Although plaintiff sought to cancel a deed on the basis of the alleged fraud or undue influence of her late husband, the gravamen of plaintiff's complaint was to quiet title under MCL 600.2932. Plaintiff's claim to quiet title was subject to the 15-year limitations period of MCL 600.5801(4).

### B. THE ACCRUAL OF PLAINTIFF'S CLAIM

In general, the period of limitations runs from the time the claim accrues. MCL 600.5827. As is true in actions to quiet title, "[w]henever any person is disseised, his right of entry on and claim to recover land accrue at the time of his disseisin." MCL 600.5829(1).

A party may lose title to real property when another claims ownership not under any deed, but through

visible, open, notorious, hostile, and continuous possession of the premises for the statutory period.[7] However, a party may also be disseised by a claimant who asserts ownership not as an adverse possessor, but under color of deed. In general, "[d]isseisin occurs when the true owner is deprived of possession or displaced by someone exercising the powers and privileges of ownership." *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993). In cases in which the adverse claimant claims title under color of deed, disseisin occurs when the record owner first receives notice of the adverse deed. See *Murray v Hudson*, 65 Mich 670, 671, 674; 32 NW 889 (1887); see also *Whitaker v Erie Shooting Club*, 102 Mich 454, 459; 60 NW 983 (1894).[8]

"When reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(7), we must accept the plaintiff's well-pleaded allegations as true and construe them in a light most favorable to the plaintiff." *Diversified Financial Systems, Inc v Schanhals*, 203 Mich App 589, 591; 513 NW2d 210 (1994). If the pleadings demonstrate that one party is entitled to judgment as a matter of law, or if affidavits and other documentary evidence show that there is no genuine issue of material fact concerning the running of the period of limitations, the trial court must render judgment without delay. *Harris v City of Allen Park*, 193 Mich App 103, 106; 483 NW2d 434 (1992). "If no facts

---

[7] Indeed, as long as an adverse possessor has been in visible, open, notorious, hostile, and continuous possession of the premises, he or she need not affirmatively show any deed or other written evidence of ownership. See *Beecher v Ferris*, 112 Mich 584, 585; 70 NW 1106 (1897).

[8] The adverse deed in this case was recorded in 1988. However, we wish to make clear on reconsideration that plaintiff, as one of the record owners, was not required to search the public record for notice of the adverse deed. In general, recording of an instrument with the register of deeds "shall be notice to all persons *except the recorded landowner* . . . ." See MCL 565.25(4) (emphasis added).

are in dispute, whether the claim is statutorily barred is a question for the court as a matter of law." *Id.*

Plaintiff alleges that she did not become aware of the adverse deed's existence until 1997, when her late husband's safe-deposit box was opened.[9] She accordingly contends that she remained seised of the property as a one-third owner until 1997, or even until 1998, when defendants stopped paying her a portion of the rents and ceased to recognize her ownership interest. Construing the well-pleaded allegations in favor of plaintiff, as we must, *Diversified Financial Systems, supra* at 591, we conclude that reasonable minds could not disagree that plaintiff did not acquire notice of the adverse deed's existence until 1997. Plaintiff was therefore not disseised of her one-third interest until 1997, at which time her claim to quiet title accrued, MCL 600.5829(1). This action, commenced in 2005, was timely filed within the 15-year limitations period of MCL 600.5801(4). We reverse and remand for reinstatement of plaintiff's claim to quiet title.

V

The trial court erred in concluding that plaintiff's claim sounded in fraud or rescission and that it was barred by a six-year period of limitations. Plaintiff's claim was governed by the 15-year limitations period applicable to actions to quiet title. MCL 600.5801(4).

In light of our resolution of this matter, we decline to address the remaining issues raised by the parties on appeal.

---

[9] Although plaintiff and defendants do not agree concerning the exact date on which the safe-deposit box was opened and the 1988 deed was found, it is undisputed that these events occurred sometime in 1997.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.