*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COMMERCIAL LAW LAND COMPANY, LLC
and COMMERCIAL LAW LAND COMPANY OF
MICHIGAN, LLC,

        Plaintiffs/Counterdefendants-
        Appellants,

v

BRUCE DUNLOP,

        Defendant/Counterplaintiff-Appellee,

and

ANY AND ALL OTHER OCCUPANTS,

        Defendant,

and

DOWN RIVER 217, LLC,

        Counterplaintiff,

and

FALLASHA ERWIN,

        Counterdefendant.

UNPUBLISHED
June 12, 2025
9:42 AM

No. 370793
Wayne Circuit Court
LC No. 21-006821-CH

---

Before: K. F. KELLY, P.J., and O'BRIEN and ACKERMAN, JJ.

PER CURIAM.

In this action to determine interests in land, plaintiffs/counterdefendants, Commercial Law Land Company, LLC and Commercial Law Land Company of Michigan, LLC (collectively, "plaintiffs"), appeal as of right the trial court's order quieting title of the subject property to

defendant/counterplaintiff, Bruce Dunlop, and counterplaintiff, Down River 217, LLC (collectively, "defendants"). We affirm.

## I. BACKGROUND

Counterdefendant Fallasha Erwin is the sole owner of Commercial Law Land Company and Commercial Law Land Company of Michigan. On March 30, 2012, Erwin on behalf of Commercial Law Land Company executed a land contract with Dunlop on behalf of Downriver 217 for the subject property. In the contract, the parties agreed to a purchase price of $10,000 for the property, which was to be paid in monthly installments, with the full price due by December 30, 2014. The parties also agreed that defendants would be responsible for "all real estate taxes and assessments that may be levied against the Property," and that defendants would indemnify Erwin and Commercial Law Land Company for any losses they "may suffer or incur in connection to" defendants' "possession, use or misuse of the Property."

The contract was never recorded, and Erwin never provided a deed to defendants. In November 2019, however, Dunlop recorded a claim of interest in the property on the basis of the parties' land contract.

In 2021, plaintiffs filed this action against Dunlop requesting, among other things, that the trial court order Dunlop to "immediately restore possession and ownership of the Property" to plaintiffs. The complaint alleged that the parties only had an oral agreement for the purchase of the property, and that "Dunlop . . . failed to satisfy the terms of" that agreement, so the property was still owned by plaintiffs.

Defendants counterclaimed, alleging that they had title to the property by virtue of the written land contract executed on March 30, 2012. The counterclaim asserted that, in early 2014, after Dunlop had paid Erwin $5,400 under the land contract, "Erwin told [Dunlop] that if he could pay him $2,000 more he would consider the land contract settled." Dunlop agreed and, according to the amended complaint, paid Erwin the remaining $2,000, thereby satisfying the parties' contract, but Erwin never provided a deed to the property. The counterclaim requested that the trial court quiet title in defendants' favor under MCL 600.2932.

At the bench trial on the parties' competing claims, Dunlop testified consistent with the allegations in the countercomplaint—he said that he paid $5,400 to Erwin, and then they orally agreed that, if Dunlop paid $2,000 more, the parties would consider the contract satisfied. Dunlop testified that he paid the $2,000 to Erwin in $400 payments over the course of five months, and that the terms of the contract as orally amended were satisfied at some point before December 30, 2014. Erwin also testified, and he disputed Dunlop's testimony—Erwin claimed that the parties never agreed to amend their contract, and that Dunlop had paid maybe $3,000 under the contract. Erwin also asserted that, in 2018, he paid the property's outstanding tax bills for the 2015, 2016, and 2017 tax years, and has paid the property taxes since.

Following the bench trial, the trial court issued an opinion and order rejecting plaintiffs' claim and granting title of the property to defendants. The court held that the parties entered into a valid land contract, and that the terms of the land contract were fulfilled. The court, crediting Dunlop's testimony, reasoned that there was clear and convincing evidence establishing that the

parties orally agreed to amend the land contract, and that Dunlop fulfilled the terms of the contract as amended "by the fall of 2014." The court noted plaintiffs' argument that defendants were in breach of the contract because Erwin paid the property taxes for 2015 and beyond, but the court rejected this argument because, by 2015, the contract had been satisfied, so defendants could not be in breach of it. The court accordingly stated it would "enter a judgment quieting title in favor of defendants," and did so in a subsequent order.

This appeal followed.

## II. CONDITIONS OF THE LAND CONTRACT

Plaintiffs first argue that the trial court erred by holding that defendants satisfied the requirements of the land contracts. We disagree.

## A. STANDARD OF REVIEW

A trial court's findings of fact following a bench trial are reviewed for clear error, while its conclusions of law are reviewed de novo. *City of Flint v Chrisdom Props, Ltd*, 283 Mich App 494, 498; 770 NW2d 888 (2009). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). Questions of law, such as the proper interpretation of a contract, are reviewed de novo. *Innovation Ventures, LLC v Liquid Mfg, LLC*, 499 Mich 491, 507; 885 NW2d 861 (2016). Equitable rulings, which include decisions to quiet title, are likewise reviewed de novo. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021).

## B. ANALYSIS

The trial court in this case quieted title to defendants. MCL 600.2932(1) states:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

The party asserting a quiet-title claim bears the initial burden of establishing a prima facie case to title, *Newman v Real Time Resolutions, Inc*, 342 Mich App 405, 412; 994 NW2d 852 (2022), and if they do so, the burden shifts to the opposing party to prove "superior right or title in itself," *Fed Home Loan Mortg Corp v Werme*, 335 Mich App 461, 470; 966 NW2d 729 (2021).

Defendants sought to establish their title to the property by virtue of the March 30, 2012 land contract that the parties signed. As this Court has explained:

> The term "land contract" is commonly used in Michigan as particularly referring to agreements for the sale of an interest in real estate in which the purchase price is to be paid in installments (other than an earnest money deposit and a lump-sum

payment at closing) and no promissory note or mortgage is involved between the seller and the buyer. A land contract is therefore an executory contract in which legal title remains in the seller/vendor until the buyer/vendee performs all the obligations of the contract while equitable title passes to the buyer/vendee upon proper execution of the contract. [*Zurcher v Herveat*, 238 Mich App 267, 291; 605 NW2d 329 (1999) (citation omitted).]

Plaintiffs contested the validity of the March 30, 2012 land contract in the trial court, but they have abandoned that argument on appeal by failing to raise it. See *Lashbrook v Grasak*, ___ Mich App ___, ___ n 5; ___ NW3d ___ (2025) (Docket No. 369669); slip op at 5 n 4. Plaintiffs instead contend on appeal that defendants failed to perform all of their obligations under the parties' land contract, so title never passed to them.

Plaintiffs first contend that defendants failed to pay the full amount due under the contract. As recounted above, the parties' written agreement required defendants to pay $10,000 for the property, but Dunlop testified that the parties orally agreed to modify the purchase price listed in the land contract, and that defendants paid the amended purchase price. A party claiming that a written contract was modified by an oral agreement must establish by clear and convincing evidence that the parties mutually assented to the oral modification. See *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 372-373; 666 NW2d 251 (2003).

Plaintiffs argue that defendants failed to prove that the parties' land contract was orally amended because the only evidence supporting the oral amendment was Dunlop's testimony. But plaintiffs have not offered any caselaw or other authority to support their apparent assertion that a party cannot establish a fact by clear and convincing evidence on the basis of testimony alone, thereby abandoning the argument. See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). Plaintiffs more generally simply attack Dunlop's credibility, but the trial court found Dunlop credible, and it found Erwin—whose testimony was the only evidence that directly disputed Dunlop's testimony—not credible. This Court gives deference to the trial court's superior ability to judge the credibility of the witnesses that appear before it, see MCR 2.613(C), and we see no reason to question the trial court's credibility determinations in this case. Accepting Dunlop's testimony as true, we are not convinced that the trial court made a mistake when it found that defendants proved, by clear and convincing evidence, that the parties orally agreed to modify the purchase price of the property, and that defendants paid that amended price.

Plaintiffs next argue that defendants failed to satisfy the terms of the parties' contract because Erwin testified—and other evidence supported—that defendants did not pay the 2015 property taxes, or the property taxes for any of the years after 2015. As the trial court rightly noted, however, Dunlop's testimony established that defendants had fulfilled all of their obligations under the contract "by the fall of 2014," and it is not apparent why defendants' failure to pay property taxes after that time—when equitable title had already passed to defendants, see *Zurcher*, 238 Mich App at 291—constituted a failure to perform an obligation under the land contract. Plaintiffs fail to address the basis for the trial court's rejection of their argument below, let alone explain why the trial court's reasoning was erroneous. "When an appellant fails to dispute the basis of the trial

court's ruling, this Court need not even consider granting plaintiffs the relief they seek." *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (quotation marks, citation, and alterations omitted).

Plaintiffs' final argument related to this issue is difficult to follow. Plaintiffs note that, as part of the parties' land contract, defendants agreed to indemnify Erwin and Commercial Law Land Company for any losses they suffered or incurred in connection to defendants' use or misuse of the property. Plaintiffs then walk through several pieces of evidence that the trial court ruled were inadmissible, and argue that this excluded evidence supposedly establishes that defendants breached the land contract by failing to indemnify Erwin and Commercial Law Land Company.

We reject this argument for two reasons. First, plaintiffs have failed to adequately brief the issue of whether the trial court abused its discretion by refusing to admit the contested evidence, thereby abandoning any such claim. See *Lashbrook*, ___ Mich App at ___; slip op at 5 n 4. See also *Mudge v Macomb Co*, 458 Mich 87, 104; 580 NW2d 845 (1998) ("We deem the issue . . . inadequately briefed and do not reach it."). It follows that plaintiffs cannot establish that defendants failed to indemnify Erwin and Commercial Law Land Company because the only evidence on which plaintiffs rely for this argument was excluded by the trial court. Second, even if we were to consider the excluded evidence, it relates to events that took place after defendants satisfied the land contract, so the argument suffers from the same flaw as plaintiffs' property-tax argument. Namely, it relates to events that took place after defendants performed all of their obligations under the contract and equitable title to the property passed to defendants, see *Zurcher*, 238 Mich App at 291, and plaintiffs fail to explain how defendants could have been in breach of the land contract under such circumstances. Accordingly, even if we were to consider the excluded evidence, we would still conclude that plaintiffs' argument premised on that evidence is abandoned. See *Mitcham*, 355 Mich at 203.

## III. OTHER CLAIMS OF ERROR

Plaintiffs raise several other claims of error, none of which warrant appellate relief.

First, plaintiffs argue that the trial judge should have been disqualified because the judge was personally biased against plaintiffs. This issue is unpreserved because plaintiffs failed to move for disqualification in the trial court. See *PC v JLS*, 346 Mich App 233, 243 n 2; 12 NW3d 29 (2023). By failing to raise this claim in the trial court, plaintiffs waived it. See *Tolas Oil & Gas Exploration Co v Bach Servs. & Mfg, LLC*, 347 Mich App 280, 301; 14 NW3d 472 (2023).[1]

As part of their bias argument, plaintiffs discuss at length the trial court's ruling to strike Dunlop's testimony that he had "12 percent of [the] mental capacity [he] used to have" because Dunlop was not a doctor and could not discuss his mental capacity in percentages. To the extent that plaintiffs argue that this demonstrated the trial court's bias, that issue is waived because, again,

---

[1] Even if we were to address the merits of the argument, we would conclude that plaintiffs have not established plain error affecting substantial rights. All of plaintiffs' judicial-bias arguments are premised on the fact that the trial court ruled against plaintiffs, and such arguments do not establish plain error affecting substantial rights. See *PC*, 346 Mich App at 243 n 2.

plaintiffs failed to move to disqualify the trial judge below. See *PC*, 346 Mich App at 243 n 2; *Tolas Oil*, 347 Mich App at 301. To the extent that plaintiffs argue that the trial court substantively erred by excluding Dunlop's testimony about his mental capacity, a trial court's erroneous decision to exclude evidence requires reversal only if refusal to do so "appears to the court inconsistent with substantial justice." MCR 2.613(A). Plaintiffs contend that the trial court should have allowed Dunlop's testimony about his mental capacity so that the court could "assess what weight if any should be given to Dunlop's testimony." But the trial court permitted plaintiffs to question Dunlop at length about his memory issues, during which Dunlop repeatedly admitted that he had issues with his memory since he had a stroke in 2016. We accordingly conclude that any error in the exclusion of Dunlop's testimony about his mental capacity was harmless.

In a short final argument, plaintiffs contend that defendants' counterclaim against plaintiff was barred by the six-year statute of limitations in MCL 600.5807(9) because they requested specific performance. The trial court, however, expressly noted that defendants brought a claim for quiet title under MCL 600.2932, and that such a claim is subject to a 15-year limitations period. The trial court was correct—defendants plainly brought a claim for quiet title under MCL 600.2932, and a quiet-title claim is subject to a 15-year limitations period. *Adams v Adams*, 276 Mich App 704, 719; 742 NW2d 399 (2007), citing MCL 600.5801(4). Defendants filed their counterclaim within 15 years after it accrued, so their claim was not time barred.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien
/s/ Matthew S. Ackerman