*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CARLOS LEDEZMA, MD,

      Plaintiff-Appellant,

v

MCLAREN BAY REGION,

      Defendant-Appellee.

UNPUBLISHED
December 17, 2025
10:02 AM

No. 374495
Bay Circuit Court
LC No. 24-003387-CB

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Plaintiff, Carlos Ledezma, M.D., appeals as of right the trial court's order granting summary disposition to defendant, McLaren Bay Region, under MCR 2.116(C)(7). We affirm.

## I. FACTS

Plaintiff is a physician specializing in vascular and interventional radiology. In January 2012, he entered into an employment agreement with Bay Imaging, PLC to provide professional medical services at defendant hospital. Plaintiff had privileges at defendant from August 2012 through February 8, 2013, at which time he voluntarily terminated his privileges. Plaintiff thereafter practiced medicine in California.

In early 2021, plaintiff learned that defendant needed interventional radiology coverage, and as a result applied to defendant for a locum tenens[1] position. Defendant processed plaintiff's application through defendant's Professional Functions Committee (PFC) comprised of physicians who are members of defendant's hospital staff. The PFC discussed plaintiff's application at meetings held April 29, 2021 and May 27, 2021, with some members of the PFC recalling that his

---

[1] "*Locum tenens*" refers to one who temporarily fills an office or takes the place of another, especially referring to a doctor. *Meriam-Webster's Collegiate Dictionary* (11th ed).

-1-

services during 2012-2013 were unsatisfactory; the PFC determined not to approve plaintiff's application, which defendant considered to be a denial of privileges for plaintiff.

On August 27, 2021, defendant submitted a report of the denial of plaintiff's application to the National Practitioner Data Bank (NPDB). According to defendant, it is required by the federal Health Care Quality Improvement Act of 1986, 42 USC §11133, to submit a report to NPDB of any action that "adversely affects" a physician's clinical privileges, including the denial of privileges. Defendant's report to NPDB stated, in relevant part:

> The physician applied to the Hospital for temporary privileges in interventional radiology. The physician had, some years previously, been granted provisional privileges at the Hospital. During the time when the Physician held provisional privileges, the Physician had frequently been unavailable for follow-up care for patients and there were some quality concerns. Based upon this history, the Hospital denied the Physician's application for temporary privileges.

On June 14, 2024, plaintiff initiated this case by filing a complaint against defendant alleging tortious interference with business expectancies and defamation, and seeking declaratory relief as well as money damages. While discovery was ongoing before the trial court, defendant moved for summary disposition under MCR 2.116(C)(7) on the basis that plaintiff's claims were barred by the statute of limitations and that the federal Health Care Quality Improvement Act provided immunity to defendant for submission of the report to the NPDB. Defendant also moved for summary disposition under MCR 2.116(C)(8) and (10).

At the conclusion of the hearing on the motion, the trial court granted defendant summary disposition under MCR 2.116(C)(7). The trial court held that the one-year statute of limitations, MCL 600.5805(11), barred plaintiff's claim for defamation. The trial court further concluded that the gravamen of plaintiff's claim for tortious interference with business expectancies also was a claim for defamation, and as a result that claim similarly was barred by the one-year statute of limitations applicable to a claim for defamation. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the trial court erred by granting defendant summary disposition under MCR 2.116(C)(7) of plaintiff's claim of tortious interference with business expectancies. Plaintiff argues that the trial court incorrectly determined that the gravamen of the claim of tortious interference was defamation, and therefore erred by concluding that the claim was barred by the one-year statute of limitations applicable to a claim of defamation rather than the three-year statute of limitations applicable to a claim of tortious interference with a business expectancy. We disagree.

We review de novo the trial court's decision to grant or deny a motion for summary disposition, and also review de novo questions of statutory interpretation. *Spine Specialists of Michigan, PC v MemberSelect Ins Co*, 345 Mich App 405, 408; 5 NW3d 108 (2022). Specifically, we review de novo whether a statute of limitations bars a claim when the underlying facts are undisputed. *Glorycrest Carpenter Road, Inc v Adams Outdoor Advertising Ltd Partnership*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 366261); slip op at 4.

-2-

When considering a motion for summary disposition under MCR 2.116(C)(7), a court must accept the allegations of the complaint as true unless contradicted by documentation submitted by the moving party, and consider the affidavits, depositions, admissions, and other documentary evidence submitted. *Spine Specialists*, 345 Mich App at 408-409. The trial court should grant a motion for summary disposition under MCR 2.116(C)(7) when a claim is barred by the statute of limitations or barred by another basis stated in that court rule. *Id*.

A statute of limitations establishes a time frame during which a claim must be brought to be timely; if a claim is not filed until after that period has elapsed, the claim is barred. *Carter v DTN Mgt Co*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165425); slip op at 12. "Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues." MCL 600.5827. Unless otherwise provided by statute, a claim "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 336; 999 NW2d 423 (2023) (quotation marks and citation omitted).

In this case, the parties do not dispute that plaintiff's claims accrued at the time defendant submitted its report to the NPDB, which was on or about August 27, 2021. The parties further agree that the statute of limitations applicable to plaintiff's defamation claim in this case is the one-year statute of limitations found at MCL 600.5805(11). See *Redmond v Heller*, 332 Mich App 415, 432; 957 NW2d 357 (2020). The parties do not dispute that plaintiff filed his complaint on June 14, 2024, which tolled the running of the statute of limitations. See MCL 600.5856 (the filing of the complaint tolls the running of the statute of limitations). The parties also do not dispute that because more than one year elapsed between the accrual of the claim on or about August 27, 2021 and the filing of plaintiff's complaint on June 4, 2024, plaintiff's claim for defamation is barred by the statute of limitation and was properly dismissed by the trial court.

A claim of tortious interference with a business expectancy is subject to the three-year period of limitation as provided in MCL 600.5805(2). *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 253; 673 NW2d 805 (2003). In this case, the parties dispute whether the trial court correctly determined that the gravamen of plaintiff's claim for tortious interference with business expectancies was defamation, and whether the trial court therefore properly dismissed the claim as barred by the statute of limitations despite its label as tortious interference with business expectancies.

When determining the applicable period of limitation for a claim, the court must ascertain the true nature of the claim. *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 (2007). The gravamen of an action is determined by reading the complaint as a whole to determine the type of interest allegedly harmed. *Id*. The court is not bound by the label given the claim by a party; instead, the court must look beyond the label and determine the exact nature of the claim. *Zelasko v Charter Twp of Bloomfield*, 347 Mich App 141, 159; 14 NW3d 441 (2023). "A party cannot avoid the dismissal of a cause of action through artful pleading." *Id*. (quotation marks and citation omitted).

To establish a claim of defamation, the plaintiff must demonstrate (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault by the publisher that is at least negligent, and (4) either special harm caused by the

publication or that the statement is actionable regardless of special harm (defamation per se). *Cetera v Mileto*, 342 Mich App 441, 449; 995 NW2d 838 (2022). A statement is defamatory if "it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Sarkar v Doe*, 318 Mich App 156, 178; 897 NW2d 207 (2016). Further, to be defamatory, a statement must assert facts provable as false. *Id*. at 179.

To establish a claim of tortious interference with a business expectancy, the plaintiff must demonstrate (1) the existence of a valid business relationship or expectancy, (2) that the defendant knew of the relationship or expectancy, (3) that the defendant's intentional interference caused a breach or termination of the relationship or expectancy, and (4) resulting damage to the plaintiff. *Cedroni Ass'n, Inc v Tomblinson, Harburn Associates, Architects & Planners, Inc*, 492 Mich 40, 45; 821 NW2d 1 (2012). This Court has explained that the plaintiff must allege the "intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *CMI Int'l, Inc v Intermet Int'l Corp*, 251 Mich App 125, 131; 649 NW2d 808 (2002) (quotation marks and citation omitted).

In this case, plaintiff's claim for defamation alleged that defendant's report to NPDB contained a false and defamatory statement about plaintiff, that defendant knew the statement was false or made the statement with reckless disregard of the truth of the statement, that defendant's publication of the statement to NPDB was not privileged, and that the publication caused reputational harm to plaintiff as well as economic loss because it deprived plaintiff of potential employment opportunities.

Plaintiff's claim of tortious interference with business expectancies alleged that defendant's report to NPDB contained false statements about plaintiff, that defendant knew the statements were false, that defendant's statements were not privileged, that defendant knew that its report to NPDB would be published to third parties within the medical community, that defendant knew or should have known that it would adversely impact plaintiff's ability to obtain employment, that in doing so, defendant intentionally and maliciously interfered with plaintiff's business expectancies, that defendant intended to harm plaintiff with its actions, and that defendant's actions harmed plaintiff's reputation and his ability to obtain employment.

In granting defendant's motion for summary disposition, the trial court reasoned:

I'm going to grant the motion. I find that this action sounds in defamation. Statute [of limitations] for defamation is one year and so count one is untimely filed.

Count two, the tortious interference [count] relies upon the tort of defamation, and the damages are different, and there may be other additional requirements, but in this case, there is no allegation of a tort other than defamation in regard to the transmittal of the report. The allegation is that the report was false. And that is defamation, an allegation of defamation, and there isn't any other tort alleged here that – or any other theory that doesn't involve defamation. So I find that the one-year statute for defamation has not been met, and so count two should be dismissed, as well.

> For purposes of the record, if – if I would be wrong about dismissing count two, the issue of immunity, I would allow for further discovery on that, in a minimal nature, whether I think the defense would be entitled to make attempts to discover whether or not Ms. Matuszewski knew the information she was transmitting was false, and otherwise met the elements of defamation. But given my ruling, that would be of no consequence since I find that the statute of limitation has not been met. If I would be wrong about those, I would allow some minimal discovery as to the issue of immunity under 42 USC 11137.
>
> I'll also dismiss count three [for declaratory judgment].

The trial court thereafter dismissed all counts of plaintiff's complaint under MCR 2.116(C)(7). We agree that in this case, plaintiff's claim for defamation and his claim for tortious interference with business expectancies are virtually indistinguishable. Although the elements of the two claims differ, with regard to both claims plaintiff alleges the same facts: defendant made a false statement about him, then intentionally published the statement to the NPDB knowing that the statement was false and knowing that the statement would be read by prospective employers who would then decline to hire him in the future. Reading plaintiff's complaint as a whole to determine the true nature of the claim, and focusing on the type of interest allegedly harmed, we conclude that the gravamen of plaintiff's claim of tortious interference with business expectancies is defamation. Because the true nature of the claim is defamation, the period of limitations applicable to defamation controls and in this case bars plaintiff's claim labeled as tortious interference with business expectancies. See *Adams*, 276 Mich App at 710-711. The trial court therefore did not err by granting defendant summary disposition of plaintiff's claims under MCR 2.116(C)(7). Having concluded that the statute of limitations barred plaintiff's claims, we reject defendant's additional argument that further discovery was necessary before the trial court could determine whether defendant was entitled to summary disposition.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick