*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEAN PROPERTIES, LLC,

       Plaintiff-Appellant,

v

CITY OF DETROIT,

       Defendant-Appellee.

UNPUBLISHED
January 12, 2023

No. 357551
Wayne Circuit Court
LC No. 20-003936-CB

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

In this case involving defendant's retention of insurance proceeds under MCL 500.2227, plaintiff, Mean Properties, LLC, appeals as of right the trial court's order granting summary disposition in favor of defendant, the city of Detroit, under MCR 2.116(C)(7), (C)(8), and (C)(10). Concluding that all of plaintiff's claims are predicated on its entitlement to the insurance proceeds under MCL 500.2227, and that plaintiff failed to file this action within the limitations period provided in that statute, we affirm.

## I. BACKGROUND

This case involves a dispute between plaintiff and defendant over escrowed insurance proceeds held by defendant to pay for the demolition of real property in Detroit.

On January 9, 2013, the property, which was owned by plaintiff at the time, was damaged by fire. On April 16, 2013, plaintiff's insurer, Cincinnati Insurance Companies, forwarded a check for $150,000 to defendant (which amounted to 25% of the insurance proceeds) pursuant to the requirements in MCL 500.2227. According to plaintiff's complaint, plaintiff applied for a demolition permit for the property on or about July 8, 2013. Before the permit was issued, plaintiff was informed by one of defendant's employees that a slab of concrete would be permitted to remain on the property even though this would be in violation of a city ordinance. Despite the employee's representation, however, the issued permit did not provide for any exceptions to city ordinances. Nevertheless, in accordance with defendant's employee's representation, the demolition work was completed without removing the concrete slab from the property. On November 12, 2013, defendant's Buildings, Safety Engineering, and Environmental Department

(BSEED) advised plaintiff's demolition contractor that an inspection of the premises on July 31, 2013, found violations on the property, namely that the concrete slab needed to be removed "as per code," or administrative relief needed to be sought.

On August 31, 2016, plaintiff sold the property to the Michigan Department of Transportation without remedying the violations or obtaining administrative relief from the ordinance requirements. With the violation remaining, the escrowed insurance funds remained in defendant's possession. When plaintiff reached out to BSEED's Director about releasing the funds, plaintiff was informed that the demolition permit needed to be finalized before the funds could be released.

Plaintiff filed this action in March 2020 seeking recovery of the escrowed funds under various theories of relief. Plaintiff's complaint alleged six counts. Defendant eventually moved for summary disposition and requested that plaintiff's entire complaint be dismissed on several different grounds. The trial court granted defendant's motion, holding that plaintiff's cause of action was time-barred under MCL 500.2227(7), and further reasoning that the six counts alleged in plaintiff's complaint must be dismissed on various other legal grounds. Plaintiff now appeals as of right.

## II. ESCROWED INSURANCE PROCEEDS AND MCL 500.2227

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendant moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). As the trial court observed, all of plaintiff's claims are predicated on the common argument that defendant's retention of the insurance proceeds violated MCL 500.2227, and the court found that plaintiff's action was not timely filed under MCL 500.2227(7). When an action is barred by a statute of limitations, summary disposition is appropriate under MCR 2.116(C)(7). In *Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010), this Court set forth the standard for reviewing a motion under MCR 2.116(C)(7):

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate.

We agree with the trial court that the undisputed facts demonstrate that plaintiff's action was not timely filed under MCL 500.2227(7). MCL 500.2227 provides, in pertinent part:

> (1) If a claim is filed for a loss to insured real property due to fire, explosion, vandalism, malicious mischief, wind, hail, riot, or civil commotion and a final settlement is reached on the loss to the insured real property, an insurer shall

withhold from payment 25% of the actual cash value of the insured real property at the time of the loss or 25% of the final settlement, whichever is less. Until December 31, 2014, for residential property, the 25% settlement or judgment withheld shall not exceed $6,000.00 adjusted annually beginning June 1, 1999 in accordance with the consumer price index. Beginning January 1, 2015, for residential property, the 25% settlement or judgment withheld shall not exceed $12,000.00 adjusted January 1 of each year in accordance with the consumer price index. The director shall notify annually all insurance companies transacting property insurance in this state as to the new adjusted amount. At the time that 25% of the settlement or judgment is withheld, the insurer shall give notice of the withholding to the treasurer of the city, village, or township in which the insured real property is located, to the insured, and to any mortgagee having an existing lien or liens against the insured real property, if the mortgagee is named on the policy. For a judgment, notice shall also be provided to the court in which judgment was entered. The notice must include all of the following:

(a) The identity and address of the insurer.

(b) The name and address or forwarding address of each policyholder, including any mortgagee.

(c) The location of the insured real property.

(d) The date of loss, policy number, and claim number.

(e) The amount of money withheld.

(f) A statement that the city, village, or township may have the withheld amount paid into a trust or escrow account established for the purposes of this section if within 15 days after the mailing of the notice the city, village, or township states that the money should be withheld to protect the public health and safety; otherwise, the withheld amount shall be paid to the insured 15 days after the mailing of the notice.

(g) An explanation of the provisions of this section.

* * *

(3) *Upon receipt of money and information from an insurer as prescribed in subsections (1) and (2), the local treasurer shall record the information and the date of receipt of the money and shall immediately deposit the money in a trust or escrow account established for the purposes of this section*. The account may be interest-bearing. If a mortgage on the insured property is in default, the treasurer of the city, village, or township, upon written request from the first mortgagee of the property, shall release to the mortgagee all or any part of the policy proceeds received by the city, village, or township not later than 10 days after receipt of the written request by the mortgagee, to the extent necessary to satisfy any outstanding lien of the mortgagee.

* * *

(5) Except as provided in subdivision (c), *the policy proceeds deposited under subsection (3) shall immediately be forwarded to the insured when the authorized representative of the city, village, or township designated by the governing body of the city, village, or township receives or is shown reasonable proof of any of the following*:

(a) That the damaged or destroyed portions of the insured structure have been repaired or replaced, except to the extent that the amount withheld under this section is needed to complete repair or replacement.

(b) *That the damaged or destroyed structure and all remnants of the structure have been removed from the land on which the structure or the remnants of the structure were situated, in compliance with the local code requirements of the city, village, or township in which the structure was located.*

(c) That the insured has entered into a contract to perform repair, replacement, or removal services for the insured real property and that the insured consents to payment of money directly to the licensed contractor performing the services upon completion. Money released under this subdivision may be forwarded only to a licensed contractor performing services on the insured property.

(6) Reasonable proof required under subsection (5) includes any of the following:

(a) Originals or copies of pertinent verifiable contracts, invoices, receipts, and other similar papers evidencing both the work performed or to be performed and the materials used or to be used by all contractors performing repair, replacement, or removal services for the insured real property, other than a licensed contractor subject to subdivision (b).

(b) An affidavit executed by the licensed contractor that has performed the greatest amount of repair or replacement work on the structure, or that has done most of the clearing and removal work if structure repair or replacement is not to be performed. The licensed contractor shall attach to the affidavit all pertinent contracts, invoices, and receipts and shall swear that these attached papers correctly indicate the nature and extent of the work performed to date by the licensed contractor and the materials used.

(c) An inspection of the insured real property to verify that repair, replacement, or clearing has been completed in accordance with subsection (5).

(7) *Except as otherwise provided in this subsection, if with respect to a loss, reasonable proof is not received by or shown to an authorized representative of the city, village, or township designated by the governing body of the city, village, or township within 120 days after the policy proceeds portion was received by the*

*treasurer, the city, village, or township shall use the retained proceeds to secure, repair, or demolish the damaged or destroyed structure and clear the insured property so that the structure and property comply with local code requirements and applicable ordinances of the city, village, or township. The city, village, or township shall return to the insured any unused portion of the retained proceeds. The city, village, or township may extend the 120-day time period under this subsection. A city, village, or township may retain and use policy proceeds for demolishing any property if on or before the effective date of the amendatory act that added this sentence the authorized representative had not received or been shown reasonable proof within 1 year after the insurer provided notice to the insured under subsection (1) and the insured property has been demolished. The insured may file a civil action against the city, village, or township for the return of the policy proceeds. An action filed under this subsection must be filed within 3 years after the insurer provided notice to the insured under subsection (1) or 1 year after the effective date of the amendatory act that added this sentence, whichever is later.* [Emphasis added.]

The parties do not dispute that the circumstances described in MCL 500.2227(5)(b) did not occur in this case—namely, that plaintiff, the insured, did not provide defendant with reasonable proof "[t]hat the damaged or destroyed structure and all remnants of the structure" had been removed from the land on which the structure had been situated in compliance with the governing local code requirements. Therefore, under MCL 500.2227(7), defendant was to "use the retained proceeds to secure, repair, or demolish the damaged or destroyed structure and clear the insured property so that the structure and property comply with local code requirements and applicable ordinances of the city, village, or township," and return to plaintiff "any unused portion of the retained proceeds" after completion of the work. If a municipality fails to return retained proceeds, the statute provides that the insured can file suit for return of the proceeds under MCL 500.2227(7).

Defendant argued, and the trial court agreed, that plaintiff did not timely file this action for return of the policy proceeds. MCL 500.2227(7) provides that an action "for the return of the policy proceeds" must be filed "within 3 years after the insurer provided notice to the insured under subsection (1) or 1 year after the effective date of the amendatory act that added this sentence, whichever is later." Documentary evidence established that the prescribed notice was provided by the insurer to plaintiff and defendant on March 22, 2013. The amendatory act referenced in the statute is 2014 PA 509, which became effective on January 14, 2015. The present lawsuit was not filed until March 13, 2020. Thus, plaintiff did not file this action for return of the policy proceeds within either (1) the prescribed three-year time period, or (2) one year after the effective date of the amendatory act. Accordingly, the trial court correctly held that the present action was not filed within the limitations period set forth in MCL 500.2227(7), and was therefore time-barred.

In an attempt to avoid the limitations period in MCL 500.2227(7), plaintiff sought recovery of the proceeds under other, independent theories of relief, none predicated on MCL 500.2227(7). Plaintiff alleged claims under theories of breach of an implied contract, negligence and respondeat superior liability, conversion, violation of vested rights, equitable estoppel, and unjust enrichment. However, to determine the "gravamen of an action," courts will review the complaint as a whole, looking beyond "mere procedural labels" in an effort to discern the specific nature of the claim. *Adams v Adams* (*On Reconsideration*), 276 Mich App 704, 710-711; 742 NW2d 339 (2007). The

gravamen of each of plaintiff's claims is that defendant was not entitled to retain the insurance proceeds under MCL 500.2227(7). Therefore, plaintiff was required to bring its action within the limitations period under that statute. Plaintiff cannot avoid the limitations period under that statute by relabeling its claims under other theories of relief.

In sum, all of plaintiff's claims are predicated on its entitlement to the insurance proceeds under MCL 500.2227, and so its failure to file this action within the limitations period under that statute is dispositive of all of plaintiff's claims. Accordingly, we affirm the trial court's order granting defendant summary disposition on that basis.[1]

Affirmed.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

---

[1] While the trial court addressed alternative grounds that would support dismissal of plaintiff's claims, it is unnecessary to address them because we are affirming the dismissal of plaintiff's claims on the basis of the statute of limitations.